Chuck QUACKENBUSH, Insurance Commissioner, of the State of California in his Capacity as Liquidator of Mission Insurance Company; Mission National Insurance Company; Enterprise Insurance Company; Mission Reinsurance Corporation; Holland America Insurance Company, Plaintiffs–Appellees,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellant.

Chuck QUACKENBUSH, Insurance Commissioner, of the State of California in his Capacity as Liquidator of Mission Insurance Company; Mission National Insurance Company; Enterprise Insurance Company; Mission Reinsurance Corporation; Holland America Insurance Company, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellee.

Chuck QUACKENBUSH, Insurance Commissioner, of the State of California in his Capacity as Liquidator of Mission Insurance Company; Mission National Insurance Company; Enterprise Insurance Company; Mission Reinsurance Corporation; Holland America Insurance Company, Plaintiffs–Appellees,

v.

ALLSTATE INSURANCE COMPANY, Defendant–Appellant.

Nos. 96–56132, 96–56506 and 96–56654.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1997.

Decided Aug. 28, 1997.

Donald Francis Donovan and Carl Micarelli, Debevoise & Plimpton, New York City, and Joseph D. Lee, Munger, Tolles & Olson, Los Angeles, CA, for defendant-appellant/cross-appellee.

Karl L. Rubenstein, Dana Carli Brooks, and Melissa S. Kooistra, Rubinstein & Perry, Los Angeles, CA, and William W. Palmer, California Department of Insurance, San Francisco, CA, for plaintiff-appellee/cross-appellant.

Appeals from the United States District Court for the Central District of California; William Matthew Byrne, Jr., District Judge, Presiding. D.C. No. CV–90–04713–WMB.

Before: BROWNING, BRUNETTI, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

### OVERVIEW

California Insurance Commissioner Chuck Quackenbush brought this action in his role as liquidator of the Mission Group of Insurance Companies ("Mission") against Allstate Insurance Company ("Allstate") to recover monies owed by Allstate to Mission under a number of reinsurance agreements. The core dispute between the parties centers on whether, under California insurance law, Allstate should be allowed to offset its obligations to Mission with debts owed by Mission to Allstate under other reinsurance agreements, or instead should be forced to pay its debts to Mission in full and then pursue its claims against Mission in ongoing state liquidation proceedings. For the last six years, however, the parties have been litigating to determine who will be permitted to decide the underlying questions of California state law. Allstate seeks arbitration pursuant to an arbitration clause in the insurance agreements. It therefore removed this action to federal court and asked the district court to order the parties to proceed to arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–14. Quackenbush, however, wants the California courts to decide the dispute. Thus, he asked the district court either to remand or to stay its proceedings pending a decision by the state court exercising jurisdiction over the liquidation proceedings.

The district court concluded that, because the state and federal proceedings involved different claims, both should be permitted to proceed. It therefore: 1) denied Allstate's motion to enjoin Quackenbush against litigating the set-off issue in the state liquidation

proceedings; 2) denied Quackenbush's motion to stay the federal proceeding pending a decision on the underlying state-law issues by the state court; and 3) ordered the parties to proceed to arbitration.

As the district court recognized, the state liquidation proceedings, which involve Allstate's claims against Mission, are entirely distinct from the federal proceedings, which involve Mission's claims against Allstate. There is no reason to believe that the state proceedings will interfere with the district court's ability to exercise its own jurisdiction. Accordingly, the district court did not abuse its discretion in denying Allstate's motion for an injunction. Furthermore, because the reinsurance agreements include arbitration clauses which encompass the present dispute, the district court did not err in compelling arbitration.

We have jurisdiction pursuant to 28 U.S.C. § 1292(a) to review the district court's orders refusing to enjoin the state proceedings and compelling arbitration, and we affirm. However, we lack jurisdiction to review the district court's interlocutory order refusing to stay its own proceedings, and we therefore dismiss Quackenbush's cross-appeal from this order.[1]

## BACKGROUND

Mission Insurance Company, Mission National Insurance Company, Enterprise Insurance Company, and Holland–America Insurance Company comprise the Mission Group of Insurance Companies, a group of property and casualty insurers currently in statutory liquidation proceedings in the California Superior Court (the "state proceeding"). Quackenbush currently is the court-appointed liquidator and trustee for the Mission Group.[2]

Pursuant to the California Insurance Code, creditors of an insurance company in liquidation must file proofs of claim with the liquidator in order to recover their debts.

Cal. Ins.Code § 1021(a). If the liquidator rejects a claim, the creditor may apply to the Superior Court for an order to show cause why the claim should not be allowed. *Id.* § 1032. If the liquidator allows the claims, he then pays the claims in accordance with a statutory priority scheme. *Id.* § 1033.

Prior to Mission's liquidation, Allstate and Mission entered into several reinsurance contracts. Under some of the reinsurance contracts, one of the Mission companies owes money to Allstate; under the other contracts, Allstate owes money to one of the Mission companies. The reinsurance agreements include many variations of an arbitration clause, all of which broadly call for arbitration of any dispute related to the reinsurance transactions.

In 1987, pursuant to the statutory insolvency procedure described above, Allstate filed proofs of claim with the Liquidator for the amounts that Mission owes Allstate under the reinsurance agreements. In its proofs of claim, Allstate "reserve[d] the right to offset balances on assumed contracts from companies in the Mission Group against amounts due the Allstate Group on business ceded to the Mission Group." Allstate also submitted separate proofs of claim indicating the amounts of the set-offs that it believed Mission might assert by virtue of Allstate's obligations to Mission.

In June 1990, the Liquidator filed this suit against Allstate in Los Angeles Superior Court, alleging that Allstate owes money to Mission under the reinsurance contracts. Allstate removed the action to federal court based on diversity of citizenship. Allstate then moved to stay the litigation and compel arbitration pursuant to the arbitration clause in the reinsurance agreements. The Liquidator, however, moved to remand the case to state court based on *Burford* abstention. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (abstention appropriate where exercising jurisdiction

---

1. Allstate's motion to dismiss the entire cross-appeal is therefore granted in part and denied in part. Allstate's request for oral argument is granted. Quackenbush's motion for a stay pending appeal is denied.

2. Quackenbush succeeded Roxani Gillespie and John Garamendi in his role as liquidator of Mission. We refer to these individuals generically as the "Liquidator."

would interfere with a comprehensive state regulatory regime).

On July 1, 1991, the district court granted the Liquidator's motion to remand this action to state court. It concluded that the critical issue in this action is the viability of Allstate's defense that it is entitled to a set-off for the amounts it claims Mission owes it from the reinsurance agreements. The district court believed that *Burford* abstention required it to remand the case to state court because deciding this state-law issue would interfere with California's comprehensive scheme for regulating the insurance industry. *See Garamendi v. Allstate Ins. Co.*, 47 F.3d 350, 352 (9th Cir.1995), *aff'd*, —— U.S. ——, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

This court vacated the district court's order and remanded, holding that *Burford* abstention is only appropriate in cases where the plaintiff seeks equitable, rather than legal, relief. *Id.* at 356. Because the Liquidator sought damages, *Burford* abstention was inappropriate. The Supreme Court granted certiorari.

In August 1995, while awaiting the Supreme Court's decision, Allstate filed amendments to its proofs of claim in the liquidation court, as it was required to do under Mission's liquidation plan. Allstate again "expressly reserve[d] its rights to have all issues presented with respect to the Commissioner's claims against Allstate and Allstate's defenses thereto (including, without limitation, Allstate's rights of set-off) determined in that pending federal court proceeding, or in an arbitration proceeding in the event such claims are submitted to arbitration."

On April 30, 1996, Quackenbush filed a notice rejecting all of Allstate's proofs of claim (the "Rejection Notice") in the state proceeding. Quackenbush argued that Allstate's proofs of claim asserted "group-to-group" offsets (i.e., that Allstate sought to offset money owed by one of the Mission companies against money that it, or one of its group members, owed to a different Mission company). Quackenbush contends that such group-to-group offsets are impermissible under California Insurance Code section 1031 and the California Supreme Court's decision in *Prudential Reinsurance Company v. Su-*

*perior Court*, 3 Cal.4th 1118, 14 Cal.Rptr.2d 749, 842 P.2d 48 (1992). Whether Allstate's offsets should be allowed remains the critical state-law issue underlying this procedural litigation, but that question is not before us at this time.

In response to the Rejection Notice, Allstate filed a motion for a preliminary injunction with the district court, seeking to prevent Quackenbush from litigating the set-off issue in the state liquidation proceeding. In the state proceeding, Allstate filed an order to show cause why its claims against Mission should be rejected. Thereafter, the parties stipulated to a stay of both proceedings pending a decision by the Supreme Court.

On June 14, 1996, the Supreme Court affirmed the Ninth Circuit's opinion vacating the district court's abstention order, but it did so on slightly different grounds. It held that *Burford* abstention does not support remand or dismissal of an action unless the federal court is asked to provide some form of discretionary relief. *Quackenbush v. Allstate Ins. Co.*, —— U.S. ——, —— — ——, 116 S.Ct. 1712, 1727–28, 135 L.Ed.2d 1 (1996). Because Quackenbush had not argued that it sought any form of discretionary relief, the Supreme Court affirmed the Ninth Circuit's opinion vacating the district court's abstention order.

Following remand, Quackenbush again moved the district court for an order staying the federal proceedings pending resolution of the set-off issues in the state proceeding. Quackenbush argued that, in addition to damages, he sought discretionary relief in the form of a declaratory judgment, and thus that *Burford* abstention should apply under the Supreme Court's reasoning in *Quackenbush*. Allstate, on the other hand, moved for an order enjoining Quackenbush to revoke the Rejection Notice and to cease litigating its set-off defenses in the state proceeding. It also sought an order compelling arbitration pursuant to the terms of the reinsurance agreements and the Federal Arbitration Act.

On September 13, 1996, the district court denied Quackenbush's motion for a stay, denied Allstate's motion for an injunction, and granted Allstate's motion to compel arbitra-

tion (the "first order"). Thus, in effect, the district court allowed both the state and the federal proceeding to continue. The district court reasoned that the state proceedings are distinct from the federal proceedings and that both courts could exercise concurrent jurisdiction without interfering with one another.

Following the district court's first order, Quackenbush filed a "Clarification of Claims Denial" in the state liquidation proceeding, purporting to clarify its reasons for rejecting Allstate's claims. Quackenbush also filed a motion for summary judgment, requesting the state court to bar all of Allstate's set-off claims under several different state-law theories.

In response, Allstate again moved the district court for an order enjoining Quackenbush from pursuing the state litigation. It argued that an injunction was necessary to protect its removal rights and to enforce the court's previous order compelling arbitration.

In an order dated November 15, 1996 (the "second order"), the district court again denied Allstate's motion. The district court again reasoned that, because of the different nature of the state and federal proceedings, the state court could continue to exercise concurrent jurisdiction without undermining the district court's jurisdiction.

Allstate appeals the district court's denial of injunctions in both the first and the second order. (Nos. 96–56132 & 96–56654). Quackenbush cross-appeals the district court's order compelling the parties to arbitrate and denying Quackenbush's motion to stay the federal proceeding (No. 96–56065).[3]

## DISCUSSION

### I. Order Denying the Motion to Enjoin State Proceedings (Nos. 96–56132 & 96–56654)

■ Allstate sought an injunction preventing Quackenbush from litigating the set-off issue in the state court. It argues that such an injunction is necessary to protect its right to removal, as well as its right to arbitration. Quackenbush, however, contends that the Anti–Injunction Act prohibited the district court from enjoining the state litigation and that, even if the district court did have discretion to issue an injunction, it exercised that discretion properly.

■ We have jurisdiction over Allstate's interlocutory appeal pursuant to 28 U.S.C. § 1292(a), which provides that the courts of appeal have jurisdiction over interlocutory orders refusing to issue injunctions. Whether an injunction may issue under the Anti–Injunction Act is a question of law reviewed de novo. *Blalock Eddy Ranch v. MCI Telecomm. Corp.*, 982 F.2d 371, 375 (9th Cir. 1992). However, the fact that an injunction may issue under the Act does not mean that it must issue. *Id.* The decision whether to issue an injunction that does not violate the Act is reviewed for an abuse of discretion. *Id.* A district court abuses its discretion when it rests its conclusions on clearly erroneous factual findings or on incorrect legal standards. *Id.*

■ The Anti–Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Thus, the Act prohibits federal courts from enjoining proceedings in state courts unless the injunction falls within one of three exceptions. *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286–87, 90 S.Ct. 1739, 1742–43, 26 L.Ed.2d 234 (1970). This prohibition applies even where, as here, the injunction would technically be directed at a litigant instead of the state court proceeding itself.

3. After the parties submitted their briefs in this case, the state court entered judgment against Allstate in the state liquidation proceeding. Quackenbush's motion to take judicial notice of this judgment and of the minutes of the state court's ruling is granted. The state court concluded that "[Quackenbush's] rejection of All-

state's proofs of claim, insofar as they assert the right to setoff on a group to group basis ... was proper and is therefore affirmed." Allstate has appealed this ruling in the California state courts and has moved for a stay of the ruling pending appeal.

*Id.* Courts must construe the exceptions to the Anti–Injunction Act narrowly and resolve doubts in favor of letting the state action proceed. *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.,* 77 F.3d 1063, 1068 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 359, 136 L.Ed.2d 250 (1996) [hereinafter *"KPERS"*].

■■■ As Allstate argues, and the district court recognized, the Supreme Court has held that the statute governing removal procedures, 28 U.S.C. § 1446, provides express authorization to enjoin state proceedings in removed cases. *Mitchum v. Foster,* 407 U.S. 225, 234 & n. 12, 92 S.Ct. 2151, 2157 & n. 12, 32 L.Ed.2d 705 (1972). Furthermore, "[a]lthough the removal statute only commands the state court to stay the case that was actually removed, it has been interpreted to authorize courts to enjoin later filed state cases that were filed *for the purpose of subverting federal removal jurisdiction."* *KPERS,* 77 F.3d at 1069 (emphasis added). As we explained in *Lou v. Belzberg,* 834 F.2d 730, 740 (9th Cir.1987):

> "where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by § 1446(e) in enjoining the proceedings in the state court." It would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit in state court. We agree with the Fifth Circuit that where a second state court suit is *fraudulently filed in an attempt to subvert the removal of a prior case,* a federal court may enter an injunction.

(quoting *Frith v. Blazon–Flexible Flyer, Inc.,* 512 F.2d 899, 901 (5th Cir.1975)) (emphasis added). Whether a second suit was filed for the purpose of subverting the removal of a prior case is a factual question reviewed for clear error. *KPERS,* 77 F.3d at 1070.

Allstate argues that the Liquidator sought to undermine its right to removal by attempting to litigate the set-off issue in the state proceeding. In the Rejection Notice, the Liquidator did not merely reject Allstate's claim for payment, but instead purported to reject any "assertion of group to group set-offs," the assertion of which comprises Allstate's defense in the federal litigation. Similarly, in his motion for Summary Judgment filed after the district court's first order (which was ultimately granted), the Liquidator asked the court to declare that Allstate's right of set-off was not subject to arbitration and that Allstate was not entitled to assert any set-off.

The district court, however, found that Quackenbush's actions, although "questionable," could not undermine its jurisdiction over the federal litigation. The district court reasoned that the state liquidation proceedings are entirely distinct from the federal proceedings. The state proceedings involve Allstate's claims against Mission, while the federal proceedings involve the Liquidator's claims on behalf of Mission against Allstate. Allstate's set-off defense logically can only arise in the removed federal proceeding where Allstate is a defendant, because, by definition, set-off is a defense to liability; it is not an affirmative claim for payment. As the district court explained:

> the offset issue in the state court, whatever it might be, cannot be the same one as that raised here. The issue here is the propriety of Allstate using balances allegedly due to it as offsets against balances owed by it under the Liquidator's claims. Allstate's offset defense cannot be implicated in the state litigation, because there Allstate is not a defendant, it is a claimant.

For this reason, the district court concluded that, even if the Liquidator did seek to undermine Allstate's right of removal, an injunction was unnecessary to protect the court's jurisdiction.

The district court did not abuse its discretion in refusing to issue an injunction. Unlike in previous cases where federal courts have enjoined state proceedings to protect removal jurisdiction, there is no evidence that Quackenbush deliberately sought to undermine the federal proceedings. For example, in *KPERS,* the plaintiffs filed a new case in state court following the federal court's adverse ruling on a Kansas statute of limitations issue. There, the plaintiffs declared in the press that they filed the case because of a "multitude of problems and issues that are

causing delays in federal court, coupled with what we think is an erroneous decision by the 8th Circuit in interpreting the Kansas statute of limitations." 77 F.3d at 1066. In this case, there is no similar evidence of a deliberate attempt to subvert the rulings and jurisdiction of the district court.

The state court has jurisdiction over the liquidation proceedings and should be free to make its own rulings with regard to the state-law issues implicated by those proceedings. It is possible that the state court's decisions will have preclusive effect for Allstate's defenses in federal court.[4] However, this does not mean that the state court's judgment subverted Allstate's right of removal. In short, Allstate has a right to have a federal court decide the case of *Quackenbush v. Allstate*, but it does not have the right to have every issue in that case decided by the federal court, regardless of the validity of the state court's jurisdiction to consider the issue in another proceeding. *Cf. Atlantic Coast Line R.R Co.*, 398 U.S. at 295, 90 S.Ct. at 1747 (state court's assumption of concurrent jurisdiction over state-law claims and over issues related to a contrary federal court judgment did not hinder the federal court's jurisdiction so as to make an injunction necessary to protect that jurisdiction).

After the district court issued its first order, compelling arbitration, Quackenbush filed a motion for summary judgment in the state proceedings, seeking a ruling from the state court preventing Allstate from asserting group-to-group set-offs. Allstate therefore contends that an injunction also was necessary and proper under the Anti–Injunction Act "to protect or effectuate [the federal court's] judgment[ ]," 28 U.S.C. § 2283, ordering the parties to arbitrate the dispute. *See Nuclear Elec. Ins. Ltd. v. Central Power & Light Co.*, 926 F.Supp. 428 (S.D.N.Y.1996)

(injunction of state proceeding issued in conjunction with order compelling arbitration concerning the same subject matter as the state court proceeding is permissible under Anti–Injunction Act).

The district court rejected this argument in its second order. It reasoned that the state court continues to have jurisdiction over the receivership proceedings and "may make its own rulings on state law and other issues arising in [those] proceedings."

Again, because the state court was free to decide the merits of Allstate's claims against Mission and was free to decide whether those claims were arbitrable under the California Insurance Code and the FAA, the district court did not abuse its discretion in refusing to enjoin the state proceedings. No injunction is necessary to protect or effectuate the district court's order compelling arbitration of the Liquidator's claims against Allstate.

## II. Order Compelling Arbitration (No. 96–56065)

■ A district court's interlocutory order compelling arbitration is not ordinarily appealable. 9 U.S.C. § 16; *Tracer Research Corp. v. National Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir.1994). However, we have held that, where an order compelling arbitration is "inextricably bound up with an injunction" order, we have jurisdiction to review both orders under 28 U.S.C. § 1292(a).[5] *Id.* at 1294.

■ One of Allstate's principal arguments in this appeal is that an injunction was necessary to protect or effectuate the district court's order compelling arbitration. Thus, Allstate's arguments directly implicate the propriety of the district court's arbitration order itself. For this reason, the order com-

---

4. Of course, after the district court's ruling, the state court actually purported to enter judgment against Allstate on the set-off issue in the state proceeding, deciding that Allstate's claims for group-to-group set-offs were invalid under state law. Given the district court's reasoning that the state proceedings cannot implicate Allstate's set-off defenses, the district court (or the arbitrator) may decide that this decision cannot have preclusive effect in Quackenbush's suit against Allstate.

5. The Supreme Court has yet to affirm the validity of exercising appellate jurisdiction over related rulings that are not supported by an independent jurisdictional basis. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 50–51, 115 S.Ct. 1203, 1205, 131 L.Ed.2d 60 (1995) ("We need not definitively or preemptively settle here whether or when it may be proper for a court of appeals with jurisdiction over one ruling to review, conjunctively, related rulings that are not themselves appealable.").

pelling arbitration is "inextricably bound up" with the order denying an injunction, and we have jurisdiction to review the arbitration order. *See TransWorld Airlines, Inc. v. American Coupon Exch., Inc.,* 913 F.2d 676, 680 (9th Cir.1990) (court "must determine the relevance of the district court's various rulings to injunctive relief requested by the parties").

■ A district court's decision to compel arbitration is reviewed de novo. *Republic of Nicaragua v. Standard Fruit Co.,* 937 F.2d 469, 474 (9th Cir.1991). "Questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983).

The Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone,* 460 U.S. at 25, 103 S.Ct. at 941.

■ Each of the reinsurance agreements contains different language regarding arbitration, but all of the arbitration clauses are broad in scope, calling for arbitration of all contractual disputes. For example, one provides: "if any dispute shall arise between [Mission] and [Allstate] with reference to the interpretation of this Agreement or their rights with respect to any transaction involved ... such dispute shall be submitted to [arbitration]." Another provides: "In the event of differences arising between the contracting parties with reference to any transactions under this Agreement, such differences must be submitted to arbitration." The district court found that these clauses encompassed the present dispute and therefore ordered arbitration.

Quackenbush argues that post-insolvency disputes fall outside the scope of the arbitration agreements. Specifically, he states that the parties "did not intend for unsettled state law issues to be decided by lay arbitrators." In light of the general breadth of the arbitration clauses, Quackenbush's argument is without merit. The parties agreed to arbitrate "*any* dispute ... with respect to *any* transaction." There is simply no reason to believe that the parties somehow intended to exclude post-insolvency disputes from arbitration. *See Bennett v. Liberty Nat'l Fire Ins. Co.,* 968 F.2d 969, 972 (9th Cir.1992) ("[B]ecause the liquidator, who stands in the shoes of the insolvent insurer, is attempting to enforce [the insolvent insurer's] contractual rights, she is bound by [the insolvent insurer's] pre-insolvency [arbitration] agreements.").

Quackenbush also suggests that arbitration of statutory issues, namely the state-law issues at the core of this case, is inappropriate. *See Marchese v. Shearson Hayden Stone, Inc.,* 734 F.2d 414 (9th Cir.1984) (holding that declaratory relief action seeking interpretation of the Commodities Exchange Act was improperly referred to arbitration). The Supreme Court, however, has held that, at least in some circumstances, statutory claims are arbitrable. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). The *Mitsubishi* Court held that "[h]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue," or "legal constraints external to the parties' agreement foreclose[s] the arbitration of claims." *Id.* at 628, 105 S.Ct. at 3354. Congress has not expressed an intent to prevent arbitration of this claim, and no external legal constraints counsel against arbitration. Furthermore, this claim, while it may indirectly relate to the California Insurance Code, involves *contractual* rights, not rights created by statute. *Compare Marchese,* 734 F.2d at 419–21 (focusing on "inherent distinction between 'statutory and contractual rights'" and deciding that dispute over violation of the Commodity Exchange Act is not referable to arbitration).

■ Next Quackenbush cites the McCarran–Ferguson Act, 15 U.S.C. § 1012, which

saves laws "regulating the business of insurance" from preemption by federal law. He argues that, under the Act, the FAA cannot preempt any state insurance law that prohibits arbitration of the Liquidator's claims. Quackenbush's argument proves too little, however, because there is no California law preventing arbitration of the Liquidator's claims against Allstate.[6] Quackenbush points to California's statutory scheme for resolving claims against insolvent insurers and argues that arbitration would interfere with that scheme. But this statutory scheme applies only to Allstate's claims against Mission; it does not apply to this case. Thus, while the FAA might not mandate arbitration of Allstate's claims against Mission, it continues to apply with full force to Mission's claims against Allstate.

We rejected an argument identical to Quackenbush's in *Bennett,* 968 F.2d at 972. In *Bennett,* we held that a reinsurance contract dispute between the liquidator and another insurance company in Montana was arbitrable "even though ... Montana has conferred on the liquidator broad jurisdiction over insurance insolvency proceedings and complete control and authority over the insolvent's assets." *Id.* We explained:

> The liquidator contends that Montana's interest in regulating insolvent insurers should outweigh the federal interest in ordering arbitration. Application of the FAA does not impair the liquidator's substantive remedy under Montana law. Instead it simply requires the liquidator to seek relief through arbitration. The liquidator has presented no evidence that enforcing the arbitration clauses here will disrupt the orderly liquidation of the insolvent insurer. Moreover, she points to no provision in the Montana Insurance Code that prohibits the arbitration of suits involving insolvent insurers.

*Id.* at 972. The reasoning of *Bennett* applies with equal force here.

As Quackenbush argued at oral argument, *Bennett* did rely in part upon *State of Idaho ex rel. Soward v. United States,* 858 F.2d 445 (9th Cir.1988). *Soward* held that a federal creditor priority statute superseded a state liquidation scheme, rejecting the Idaho Director of Insurance's argument that the state liquidation scheme regulated the "business of insurance" under the McCarran–Ferguson Act. As Quackenbush observes, *Soward's* holding is invalid following the Supreme Court's ruling in *United States Department of Treasury v. Fabe,* 508 U.S. 491, 113 S.Ct. 2202, 124 L.Ed.2d 449 (1993), which reached a contrary conclusion.

*Fabe,* however, does not affect the validity of *Bennett's* reasoning as applied to this case. *Bennett* only suggested that *Soward* "further erodes the liquidator's argument that the state's interest should outweigh the federal interest in enforcing arbitration clauses." 968 F.2d at 973. *Bennett's* additional reasons for rejecting the Liquidator's arguments-namely that the liquidator presented no evidence that enforcing the arbitration clauses would disrupt the orderly liquidation of an insolvent insurer and that no state insurance code provision prohibits arbitration of disputes involving insolvent insurers-remain sound.

Under *Fabe,* there is no question that California's insurer-insolvency provisions regulate the "business of insurance" and are saved from preemption by the McCarran–Ferguson Act. Thus, Allstate could not invoke the FAA to compel arbitration of its claims against Mission, which must be pursued through California's statutory insolvency scheme. But arbitration of Quackenbush's claims against Allstate-which Quackenbush has pursued outside the statutory insolvency proceedings-will not interfere with California's insolvency scheme. Furthermore, if a California law prohibited arbitration of disputes involving an insolvent insurer, then that law would undoubtedly also be saved from preemption by the FAA. But no such law exists. In short, this lawsuit by Quackenbush against Allstate does not provoke a conflict between the Federal Arbitration Act and California's insolvency scheme. Therefore, the

---

6. For this reason, *Stephens v. American Int'l Ins. Co.,* 66 F.3d 41 (2d Cir.1995), upon which Quackenbush relies, is distinguishable. *Stephens* held that Kentucky's *anti-arbitration provision* is not preempted by the FAA. No such provision exists in the California Insurance Code.

McCarran–Ferguson Act simply does not apply.

■■■ Finally, Quackenbush raises several "public policy" problems with compelling arbitration of this dispute. He claims that the liquidation court, by virtue of its experience with this case, its public responsibilities, and its expertise with state insurance law, is in a better position to adjudicate the state-law issues in this case than a lay arbitrator. These public policy arguments miss the point. The district court had no discretion to consider public-policy arguments in deciding whether to compel arbitration under the FAA. *Dean Witter Reynolds*, 470 U.S. at 218, 105 S.Ct. at 1241. It was required to determine only whether a valid arbitration agreement exists covering the disputed claims and, if so, to enforce the agreement. *Id.*

In sum, the arbitration agreements encompass the present suit against Allstate. In light of the strong presumption in favor of arbitration, the district court did not err in ordering the parties to arbitrate the dispute.

### III.   Order Refusing to Stay Proceedings (No. 96–56065)

■■■ We have no jurisdiction to review an interlocutory order declining to stay proceedings based on *Burford* or *Colorado River* abstention. Quackenbush argues that the order falls within the "collateral order" doctrine and is therefore appealable under 28 U.S.C. § 1291. The Supreme Court, however, has explicitly rejected this argument. In *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277–78, 108 S.Ct. 1133, 1137–38, 99 L.Ed.2d 296 (1988), the Court held that an order denying a motion to abstain is not a conclusive determination within the meaning of the collateral order doctrine and therefore is not appealable under section 1291.

Quackenbush argues that the panel should nevertheless invoke the collateral order doctrine because the district court's denial of the motion to stay "frustrates the expression of California public policy as to how insurance insolvency claims will be determined and processed." Even if Quackenbush is correct, the California statutory scheme can be vindicated on appeal after a final order is entered. Quackenbush's argument does not offer a jurisdictional basis for an immediate appeal.

■■■ Finally, Quackenbush asks us to treat the appeal as an application for a writ of mandamus. However, Quackenbush points to no "exceptional circumstances amounting to a judicial 'usurpation of power.'" *Gulfstream*, 485 U.S. at 289, 108 S.Ct. at 1143. There is no justification for the use of an extraordinary writ.

Because we have no jurisdiction to review the district court's order declining to stay its proceedings based on abstention principles, we dismiss Quackenbush's cross-appeal from this order.

### CONCLUSION

The state liquidation proceedings are distinct from the federal proceedings in that the state proceedings involve Allstate's claims against Mission, while the federal proceedings involve the Liquidator's claims against Allstate. Although the two suits may at first glance appear to be two sides of the same coin, the differences are significant. Allstate's set-off defenses-the primary source of dispute between the parties-logically are only implicated in the federal proceedings, where Allstate is a defendant. On the other hand, the statutory priority of Mission's many creditors and the validity of their claims against Mission can only be determined in the state liquidation proceeding. The district court did not abuse its discretion in treating the two disputes as separate and distinct and in refusing to enjoin the state proceedings. Regardless, we have no jurisdiction to review the district court's interlocutory order refusing to stay its own proceedings.

Furthermore, the FAA imposes an absolute command on district courts to order arbitration for all disputes that are covered by a valid arbitration agreement. Because the reinsurance agreements include broad arbitration clauses that call for arbitration of *any* dispute related to *any* transaction covered by the reinsurance agreement, the district court did not err by compelling arbitration.

AFFIRMED IN PART; DISMISSED IN PART.

The parties shall bear their own costs of these appeals.