**VENETIAN CASINO RESORT, LLC, Plaintiff—Appellant,**

v.

**LEHRER MCGOVERN BOVIS, INC., et al., Defendants—Appellees.**

No. 02–16734.

D.C. No. CV–99–00963–KJD.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2003.*

Decided Feb. 13, 2003.

Before SILVERMAN, GOULD, Circuit Judges, and WEINER, Senior District Judge.**

**MEMORANDUM AND ORDER*****

Venetian Casino Resort, LLC ("VCR") files an interlocutory appeal from the district court's July 25, 2002 order denying its motion to compel arbitration and to stay state court proceedings. We have jurisdiction, 28 U.S.C. § 1292(a)(1), review for an abuse of discretion, *Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1377 (9th Cir.1997), and affirm.

The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the District of Eastern Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1651. However, the Anti–Injunction Act provides that state proceedings may not be enjoined "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statutory exceptions are strictly construed. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805–06 (9th Cir.2002). Any doubts "should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 805 (quoting *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 297, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970)). "The Act creates a presumption in favor of permitting parallel actions in state and federal court." *Id.* at 806 (citing *Atlantic Coast*, 398 U.S. at 295).

"A district court abuses its discretion when it rests its conclusion on clearly erroneous factual findings or on incorrect legal standards." *Quackenbush*, 121 F.3d at 1377 (citing *Blalock Eddy Ranch v. MCI Telecomm. Corp.*, 982 F.2d 371, 375 (9th Cir.1992)). We "may not simply substitute" our judgment for the district court's. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir.1996) (citing *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir.1994)). We reverse only if "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir.2000) (citation omitted).

VCR's Notice of Appeal and Statement of Jurisdiction in its opening brief establish that it is only seeking review of the district court's July 25, 2002 order. VCR argues that the district court abused its discretion in denying its motion to stay state proceedings because, during state court proceedings on July 24, 2002, the presiding state judge declared, "If the jury comes in with a verdict before the independent arbitrator decides it, so much for the independent arbitrator. It's moot." However, at the time the district court issued its order on July 25, 2002, the July 24th transcript had not yet been brought to its attention. The district court cannot have abused its discretion when it issued its July 25, 2002 order by failing to consider subsequently developed evidence that was not before it when it issued the order.

Finally, even if we were inclined to evaluate the district court's order in light of the subsequently developed evidence, the record before this court-including the parties' respective supplemental appendices— is not sufficiently developed for us to determine whether issues subject to arbitration are, in fact, being improperly litigated in state court.[1]

AFFIRMED. MOTIONS GRANTED IN PART, DENIED IN PART.

---

1. We grant VCR's December 9, 2002 motion to file supplemental appendices, and grant appellee Lehrer McGovern Bovis' ("LMB") January 6, 2003 motion to consider its supplemental appendix. We deny LMB's December 23, 2002 counter-motion to strike VCR's supplemental appendices, and LMB's January 17, 2003 amended counter-motion to strike.