TELEVISA S.A.DE C.V.,
Plaintiff–Appellant,

v.

DTVLA WC INC., Defendant–Appellee.

No. 02–56798.

United States Court of Appeals,
Ninth Circuit.

May 6, 2004.

Patricia L. Glaser, Esq., H. Seong Kim, Esq., Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Helen B. Kim, Fried, Frank, Harris, Shriver & Jacobson, Los Angeles, CA, Douglas H. Flaum, Brett D. Jaffe, Lisa H. Bebchick, Fried, Frank, Harris, Shriver & Jacobson, New York, NY, for Plaintiff–Appellant.

Robert D. Crockett, Esq., Latham & Watkins, Los Angeles, CA, for Defendant–Appellee.

Before GOODWIN, BEEZER, Circuit Judges, and SCHWARZER, Senior District Judge.*

**ORDER**

It has come to the court's attention that we may lack jurisdiction over Televisa's appeal. We withdraw our opinion filed on April 1, 2004. We direct the parties to submit letter briefs not exceeding 5 pages in length within 30 days of the date of this order, addressing the following issues:

(1) Whether appellate jurisdiction over the district court's denial of Televisa's motion for a preliminary injunction to stay arbitration is governed by 28 U.S.C. § 1292(a)(1) or 9 U.S.C. § 16(b)(4).

(2) Whether, if governed by 9 U.S.C. § 16(b)(4), the district court's denial of

* The Honorable William W Schwarzer, Senior United States District Court Judge for the Northern District of California, sitting by designation.

Televisa's motion for a preliminary injunction to stay arbitration nonetheless forms a basis under *Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372 (9th Cir.1997), or any other case, for jurisdiction to review the district court's order granting DTVLA's motion to compel.

(3) Whether this court has jurisdiction to review the district court's order granting DTVLA's motion to compel independent of the district court's denial of Televisa's motion for preliminary injunction under 9 U.S.C. § 16(a)(3), which provides that an appeal may be taken from "a final a decision with respect to an arbitration that is subject to this title." *See Prudential Ins. Co. v. Lai,* 42 F.3d 1299 (9th Cir.1994).