**VENETIAN CASINO RESORT, L.L.C., Plaintiff–Appellant,**

v.

**LEHRER MCGOVERN BOVIS, INC., Defendant–Appellee,**

and

**Peninsular & Oriental Steam Navigation Company; et al., Defendants.**

No. 04–15177.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 25, 2004.

---

G. Lance Coburn, Esq., Lionel, Sawyer & Collins, Las Vegas, NV, for Plaintiff–Appellant.

Lance C. Earl, Esq., Patrick J. Reilly, Esq., Hale Lane Peek Dennison & Howard, G. Lance Coburn, Esq., Las Vegas, NV, David A. Dial, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Atlanta, GA, David N. Frederick, Esq., Lionel, Sawyer & Collins, Las Vegas, NV, J. Stephen Peek, Esq., Hale Lane Peek Dennison & Howard, Reno, NV, Kirk R. Harrison, Esq., Richard Scotti, Harrison, Kemp & Jones, Chtd., Las Vegas, NV, for Defendant–Appellee.

F. Barry McCabe, Esq., Griffen, Cochrane & Marshall, Atlanta, GA, Jennifer Fletcher, David R. Hoy, Bible, Hoy & Trachok, Reno, NV, John D. Hanover, Esq., Hamburg Hanover Edwards & Martin, Los Angeles, CA, Thomas W. Davis, Esq., Wade B. Gochnour, Esq., Haney, Woloson & Mullins, Las Vegas, NV, Joel David Heusinger, Esq., Woods & Aitken, Lincoln, NE, Andrew P. Gordon, Esq., Anthony D. Guenther, Esq., McDonald, Carano, Wilson, Mccune, Bergin, Frankovich & Hicks, Leon F. Mead, II, Esq., Gibbs Gideon Locher & Turner, Barney C. Ales, Esq., James A. Kohl, Esq., Goold, Patterson, Devore & Rondeau, Las Vegas, NV, for Defendants.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM *

Venetian Casino Resort, LLC (Venetian) appeals the district court's denial of its emergency motion for a stay of state court proceedings pursuant to the All Writs Act, 28 U.S.C. § 1651 (1949).[1]  We affirm.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We refer to the federal court from which appeal is taken as the district court, and to the Nevada trial court—also a district court—as the state court.

■ Putting aside whether the district court's order to arbitrate was a final judgment for purposes of the Anti–Injunction Act, 28 U.S.C. § 2283 (1948), we assume that the court *could* have enjoined the state proceedings but we conclude that it was not *obliged* to do so. *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1377 (9th Cir.1997). The district court found that throughout the state proceedings, the state court was asked to determine whether the issues that Lehrer McGovern Bovis, Inc. (LMB) wanted to present to the jury fell within the scope of the district court's arbitration orders and were thus to be arbitrated, or fell outside the scope of those orders and thus were to be tried. Those issues the state court deemed were outside the scope of these orders were tried. The record supports the district court's view. Once a jury verdict was rendered and a judgment was entered on that verdict, the state judgment—including the state court's determination of which issues fell on which side of the line— became entitled to full faith and credit. 28 U.S.C. § 1738 (1948); *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986).

We understand Venetian's position that the state court's December 24, 2003 order entering judgment can be read as retreating from its earlier determination that the issues to be tried were separate and distinguishable from those to be arbitrated. However, the state court's frustration at the arbitral pace and possible expansion beyond a prospective analysis of scope changes does not affect the determinations subsumed within its judgment that effectively resolved the preclusive effect of the federal court orders. Venetian's remedy for a mistake (if any) by the state court lies in a challenge through the state judicial system.

■ Although Venetian contends now that the state court judgment was not final for purposes of full faith and credit, it does not appear to have done so in the district court. We decline to consider such an argument for the first time on appeal. We also decline to consider documents to which Venetian now points that were apparently filed in post-judgment state court proceedings but were not presented to the district court. Venetian did argue in district court that judgment was not actually entered by the state court, but for reasons stated by the district court, it is clear that the state court intended for judgment to be entered and that it was in fact entered when filed by the clerk on December 24.

Venetian argues that failing to enjoin the state proceedings offends its federal constitutional and statutory rights to arbitration. As the district court noted, arbitration was not ordered pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1–16 (1947). In any event, interference with a federal right by a parallel state proceeding is not enough for an injunction to issue. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) (declining to disrupt state proceedings because they interfere with a right protected by federal law); *Quackenbush*, 121 F.3d at 1379; *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.*, 121 F.3d 1332, 1335 (9th Cir.1997). *Holder v. Holder*, 305 F.3d 854, 864 (9th Cir.2002), is not contrary authority as it involved a different statutory scheme. Nor does Venetian argue that the state proceeding was somehow deficient in failing to afford the minimal procedural requirements of due process. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–82 & n. 22, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Rather, it complains that LMB presented issues to the jury that were being arbitrated. But, even if this happened in error, Venetian does not explain why it was precluded

88

from defending its position or why relief is unavailable through the state system.

Given this disposition, we have no need to reach alternative grounds for affirmance urged by LMB.

AFFIRMED.

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.