FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. CALVIN BROWN; DIANA POGACSAS; END OF THE RAINBOW CHILDCARE; CLARA EVANS; KIM KONOLD; MONTY KONOLD; RYAN MOREY; DANNY ENGLANDER; BARBARA ENGLANDER; LOWELL CHRISTIAN; ROBERTA A. AREHART; ARIANNE J. COLLMAN; D. C., a minor, by and through her guardian; J. M., a minor, by and through her guardian; L. M., a minor, by and through her guardian,<br><br>　　　　Plaintiffs - Appellants,<br><br>　　v.<br><br>T. MICHAEL DUNBAR; CHARLES JOINER; MUNICIPALITY OF AUBURN WASHINGTON; STATE OF WASHINGTON; DEPARTMENT OF SOCIAL & HEALTH SERVICES, STATE OF WASHINGTON; PATRICIA LONG; DEPARTMENT OF EARLY LEARNING,<br><br>　　　　Defendants - Appellees. | No. 08-35793<br><br>D.C. No. 2:07-cv-00082-TSZ<br><br>MEMORANDUM [*] |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| A. CALVIN BROWN; DIANA POGACSAS; END OF THE RAINBOW CHILDCARE; CLARA EVANS; KIM KONOLD; MONTY KONOLD; RYAN MOREY; DANNY ENGLANDER; BARBARA ENGLANDER; LOWELL CHRISTIAN; ROBERTA A. AREHART, ARIANNE J. COLLMAN, D. C., a minor, by and through her guardian; J. M., a minor, by and through her guardian; L. M., a minor, by and through her guardian, | No. 08-35934<br><br>D.C. No. 2:07-cv-00082-TSZ |
| Plaintiffs - Appellees, | |
| v. | |
| T. MICHAEL DUNBAR, | |
| Defendant, | |
| and | |
| CHARLES JOINER, | |
| Defendant - Appellant. | |

| | |
|---|---|
| A. CALVIN BROWN; DIANA POGACSAS; END OF THE RAINBOW CHILDCARE; CLARA EVANS; KIM KONOLD; MONTY KONOLD; RYAN MOREY; DANNY ENGLANDER; BARBARA ENGLANDER; LOWELL CHRISTIAN; ROBERTA A. AREHART; D. C., a minor, by and through her guardian; J. M., a minor, by and through her guardian; L. M., a minor, by and | No. 08-35968<br><br>D.C. No. 2:07-cv-00082-TSZ |

through her guardian; ARIANNE J. COLLMAN,

Plaintiffs - Appellants,

v.

T. MICHAEL DUNBAR; MUNICIPALITY OF AUBURN, WASHINGTON; STATE OF WASHINGTON; DEPARTMENT OF SOCIAL & HEALTH SERVICES, STATE OF WASHINGTON; PATRICIA LONG; DEPARTMENT OF EARLY LEARNING; CHARLES JOINER,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted March 9, 2010
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

We reverse the district court's denial of summary judgment to defendant Charles Joiner. We affirm the district court's summary judgment in favor of defendants on all other issues.

1. The district court did not err in denying plaintiffs' motion to remand. The Eleventh Amendment did not pose a bar to removal, *see ITSI T.V. Prods., Inc.*

*v. Agric. Ass'ns*, 3 F.3d 1289, 1291 (9th Cir. 1993), and we need not decide whether the State defendants' joinder in removal was untimely because any defect was cured by the time judgment was entered, *see Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

2. The district court did not err in enjoining the state court suit filed on August 31, 2007. Under *Quackenbush v. Allstate Insurance Company*, 121 F.3d 1372, 1378 (9th Cir. 1997), such injunctions are proper because they fall within an exception to the Anti-Injunction Act, 28 U.S.C. § 2283. The district court's finding that the plaintiffs' second state court suit was an attempt to subvert the removal of a prior case was not clearly erroneous, as the plaintiffs refiled *all* state law claims in state court, not just those in need of perfection, and did so without the court's permission. *See Quackenbush,* 121 F.3d at 1378. Nor did the district court err in entering a permanent injunction. The court's orders found preclusive the partial final judgment under Federal Rule of Civil Procedure 54(b). *See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987). The permanent injunction based on the relitigation exception to the Anti-Injunction Act was, therefore, proper. *See W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 870-71 (9th Cir. 1992).

3. The fundamental right of parents to make child-rearing decisions does not extend to a right to patronize a daycare provider that has lost its license for a failure to comply with state regulations. *Cf. O'Bannon v. Town Court Nursing Ctr.*, 447 U.S. 773, 788 (1980) (holding that nursing home residents do not have a due process interest in the certification of their preferred nursing home because the government's action affects them only indirectly). Similarly, the regulation of a daycare provider does not implicate the parents' association rights. *See Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1050 (9th Cir. 2000) (holding that a licensing scheme for mental health professionals did not implicate any fundamental rights of patients or practitioners). Thus, rationality review rather than strict scrutiny applies, *see San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 16-17 (1973), and plaintiffs have not shown that the revocation of Diana Pogacsas' license was irrational.

4. Plaintiffs have not shown how Washington's daycare licensing scheme was vague as applied to Pogacsas. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982). Nor have they explained, beyond conclusory assertions, precisely how the scheme is overbroad. Summary judgment on both claims was therefore proper. Plaintiffs' unconstitutional delegation claim

5

fails because the federal nondelegation doctrine does not govern state legislatures. *See A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 529 (1935).

5. We need not decide whether Pogacsas had a property interest in her daycare license, because in light of the safety concerns, the post-deprivation procedure satisfied due process in any event. *See Barry v. Barchi*, 443 U.S. 55, 64 (1979); *Greenwood v. FAA*, 28 F.3d 971, 975 (9th Cir. 1994).

6. The prohibition of selective enforcement based on an impermissible motive is clearly established under *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds as stated in Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025 (9th Cir. 2007). However, the evidence regarding Joiner does not show that he took any actions that violated clearly established law. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Thus, we reverse the district court's denial of summary judgment and hold that Joiner was entitled to qualified immunity on the equal protection claim.

7. Plaintiffs object to a number of evidentiary rulings made by the district court. However, they make only conclusory assertions about inadmissibility and in any event do not clearly articulate any prejudice that was caused. Therefore, we affirm the district court on all its evidentiary rulings. *See Harper v. City of L.A.*, 533 F.3d 1010, 1030 (9th Cir. 2008).

Costs on appeal are awarded to defendants.

**AFFIRMED** in Nos. 08-35793, 08-35968.  **REVERSED** in No. 08-35934.