MEMORANDUM **
Progressive Casualty Insurance Company (“Progressive”) appeals an order of the district court remanding a class action lawsuit to state court. We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
This appeal was taken pursuant to the Class Action Fairness Act (“CAFA”), Pub.L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C.). CAFA authorizes the removal of class action lawsuits from state to federal court where the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, as in other diversity cases, “the party asserting federal jurisdiction has the burden of showing the case meets the statutory requirements for the exercise of federal jurisdiction and therefore belongs in federal court.” Lewis v. Verizon Communications, Inc., 627 F.3d 395, 399 (9th Cir.2010). However, “ ‘[ojnce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, ... then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.’ ” Id. (quoting Spivey v. Vertrue, Inc., 528 F.3d 982, 986 (7th Cir.2008)). In assessing whether the defendant has established that the amount in controversy exceeds $5 million, “we expressly contemplate the district court’s consideration of some evidentiary record.” Id.
In this case, as in Lewis and Spivey, the complaint did not allege a specific amount sought in recovery. Progressive tendered credible, and unrebutted, evidence that the amount sought exceeded $5 million due to the claim for unpaid overtime and attorneys fees. It has “plausibly explained how the stakes exceed $5 million,” and it is legally possible for the plaintiffs to recover that much. Thus, the district court erred in determining that Progressive had not established that the amount in controversy exceeded the statutory requirement.
II
The plaintiffs contend that we lack appellate jurisdiction because of events that have occurred subsequent to the district court’s remand order. However, that assertion is in error. See, e.g., News-Texan, Inc. v. City of Garland, 814 F.2d 216, 218 (5th Cir.1987) (noting that appellate jurisdiction over remand orders exists despite the occurrence of events subsequent to the remand). In addition, federal courts re *12 tain power to enforce removal jurisdiction against state court proceedings. Mitchum v. Foster, 407 U.S. 225, 284 & n. 12, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); see also Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 1378 (9th Cir.1997); Lou v. Belzberg, 834 F.2d 730, 740 (9th Cir.1987).
Ill
The district court erred in remanding the removed case. We vacate the order of removal and remand for further proceedings consistent with this decision. We need not, and do not, decide any other issue urged by the parties.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.