**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1103

KENNETH ACKERMAN; JAMES ACKERMAN; APRIL ACKERMAN; MARY
ACKERMAN, Individually and as Personal Representative of
the Estate of Thomas Ackerman; CHARLES V. ADAMS;
CHRISTIANNE M. ADAMS; JOHN ALEXIS; CHARLES J. ARKINS; LULA
M. ARKINS; THOMAS J. ARNO; AMY H. ARNO, Both individually
and as next friends of A.A. and E.A.; ROBERT A. ASKIN;
HELEN V. ASKIN; RICK G. ASTARITA; PATSY L. ASTARITA, Both
individually and as next friends of A. N.A. and G.M.A.,
E.A., Individually; LIONEL J. BANE; LOU ANN BANE; TIMOTHY
BANKS; SUSAN E. BANKS; KRISTIN E. BANKS; DEBRA L. BARE;
LARRY G. BARE; CODY BARE; TONTA FREUND; THOMAS J. BARGER;
KRISTIN C. BARGER, Both individually and as next friends of
K.B., F.B., G.B., N.B.; SEBASTIANO BARRESI; STEVE BAVETT;
ANNA M. BAVETT, As next friend of N.L. and as next friends
of M.B.; GRACE BAYNE; DANIEL BEAUCHEMIN; STELLA E.
BEAUCHEMIN; JOANN K. BELLINGTON, Individually and as
Personal Representative of the Estate of William B.
Bellington; JOHN G.BERGER; DANNY L. BLANKENSHIP; RENEE D.
BLANKENSHIP; MARY BLEVINS; MICHAEL D. BLEVINS; TIMOTHY R.
BLEVINS; JENNIFER M. BLEVINS, Both individually and as next
friends of S.A.B.; JOSHUA R. BLEVINS; HOWARD H. BOND;
RONALD BONNER; RUTH M. BONNER; KENNETH M. BRADLEY; CAROL J.
BRADLEY; BERNADETTE M. BRANNON; RAYMOND E. BREHM, JR.;
CONSTANCE M. BREHM; LOIS J. BRODOWSKI; PAUL J. BROOKS;
MICHELLE D. BROOKS, Both individually and as next friends
of S.D.B.; ZACHARY T. BROOKS, Individually; ALEXANDER M.
BROOKS, Individually; PEEBLE M. BROWNLEE; DONALD C. BURKE;
LISA A. BURKE; JULIA BURKE; MATTHEW BURKE; EDWARD C.
BURTON, JR.; CANDY L. HOBSON-BURTON, Both individually and
as next friends of M.H-B.; MARK A. BURTON, Individually;
CHARLES D. BURTON, Individually; MARCIA BYRNE; PAUL P.
BYRNE; URSULA CAIN-JORDAN; DALE B. JORDAN; JOHN F.
CALLAHAN; DOROTHY H. CALLAHAN; LUKE J. CANFIELD; JANELLE M.
CANFIELD, Both individually and as next friends of S.A.C.;
MARK S. CANHAM; individually and as next friend of M.C.;
JAMES M. CANNELLA; MARCIE G. CANNELLA; CHARLES DAVID CAYCE,
IV; RANDY LOUGHRY, Individually and as next friends of
C.S.L., C.D.L.; KIMBERLEE A. LOUGHRY; RONALD A. CLARK;

CAROL F. CLARK; ALBERT P. CLASS; CAROLYN L. CLASS; MICHAEL COFIELL; DARLENE S. COFIELL; NANCY L. CONNOLLY; MARY D. CONWAY; CHARLES H. COON, JR.; DEBORAH A. COON; LAUREN COON; JORDAN COON; JAMESON COOPER; KATHERINE A. COOPER, Both individually and as next friends of I.C., E.C., R.C.; JOHN L. COUNCILMAN; DEBORAH J. COUNCILMAN; COLLEEN CRAVEN; HARRY F. CRAVEN; ELIZABETH A. D'ANGELO; ROBERT F. D'ANGELO; CAROLINE DASCHER, individually and as next friends of M.D., E.D. and N.D.; KENNETH W. DASCHER, JR.; JESSE L. COLEMAN; PATRICIA H. COLEMAN; JOHN C. COLT; FRANCES H. COLT; JOHN S. COMBS; SEA UN COMBS; OWEN CONNOLLY; DONNA J. DAVIDS; JOHN H. DAVIDS; EMILY GLASER; MARK GLASER; DOUGLAS W. TOWNSLEY, POA for Helen A. Crowe; JOHN T. DITILLO; RICHARD W. DOYLE; SHIRLEY A. DOYLE; ALBERT K. DUNSTAN; ALEXANDER A. DUNSTAN; CELESTE DUNSTAN; CHRISTIE E. DUNSTAN; GLORIA DAVIS, individually and as next friend of C.D.; WILLIAM F. DAVIS, individually and as next friend of C.D.; CHRISTOPHER P.DELVECCHIO; individually and as next friend of J.D.; PAMELA A. DELVECCHIO, individually and as next fried of J.D.; JEFFREY DIFATTA, Individually; TERESA L. DIFATTA, individually and as next friend of S.D.; TIMOTHY DIFATTA, Individually; VINCENT DIFATTA, individually and as next friend of S.M.D.; DAVID P. DIGIORGIO, individually and as next friend of P.A.D. and M.L.G.; MALLORY S. LEGGE-DIGIORGIO, individually and as next friend of P.A.D. and M.L.D.; BARBARA DUVALL; JAMES R. EAVERS; PATSY A. EAVERS; ELAINE H. EHRHARDT; JESSICA CARLOZO; JOSEPH CARLOZO; NICOLE CARLOZO; LARRY L. ELLIOTT; LAURA ELLIOTT; PAULA A. ELLIOTT; BEATRICE ELMO; PETER ELMO; ERNESTO ERCOLANO; PHYLLIS ERCOLANO; CYRUS R. ETEMAD-MOGHADAM, individually and as next friend of F.R.E-M. and R.A.E-M.; MELODY A. ETEMAD-MOGHADAM, individually and next friend of F.R.E-M.and R.A.E-M.; ANASTASIA FAKAS, individually and as next friend of N.F.; JOHN FAKAS, Individually; WILLIAM J. FAKAS, individually and next friend of N.F.; JOAN L. FALANGA; JEROME K. FERRARA, as next friend of K.P.F. and N.J.F.; KRISTINA FERRARA, as next friend of J.L. and K.H.; CAROL L. FIALKOWSKI; GEORGE V. FIALKOWSKI; DEMETRIOS FILIPIDIS, individually and as next friend of G.F.; ROBIN L. FILIPIDIS, individually and as next friend of G.F.; AILEEN FLANAGAN, as next friend of G.F.; JOHN S. FLANAGAN, as next friend of G.F.; DAMION M. FORD; RICHARD A. FORD, III; KATHLEEN FOX; RONALD L. FOX; SODUS CYNTHIA, individually and as next friend of G.G. and A.G.; RALPH M FRENCH; GERARD FREY; JOHN P. FRIES; BARRY G. GABLER, individually and as next friend of G.G. and A.G.; AUDREY GALLO; ROBERT A. GALLO; LYNNE M. SCHMIDT-FRIES; JO ANN E. GEARE; CHELSEA

2

GEBHARDT; FRED C. GEBHARDT, individually and as Personal Representative of the Estate of Teri J. Gebhardt; JOCELYN GEBHARDT, Individually; PETER C. GEORGOPOULOS; SUSAN E. GEORGOPOULOS; BETTE L. GILL; ROXANNA M. GUINAN; JEFFREY GUINAN; FALLON GUINAN; WILLIAM GILL; JAMES D. GILPATRICK; MICHAELE A. GILPATRICK; SCOTT M. GOLLY; JUDITH H. GOULD; THOMAS H. GOULD; BONNIE L. GRANT; ROBERT F. GRANT; EILEEN M. GRETES; WILLIAM G. GRETES; MELISSA GRIFFITH; MICHAEL GRIFFITH; MILTON GRIFFITH; MICHAEL A. GUZMAN, individually and as next friend of T.G.; STACEY L. GUZMAN, individually and as next friend of T.G.; SHIRLEY HALL; STEVEN HALL; THELMA E. HAMEL; MICHAEL HARMON, POA for William B. Harmon and individually and as next friend of Z.H.; DAWNE JABOBS, individually and as next friend of Z.H.; PATRICIA O'NEILL, Personal Representative of the Estate of Elizabeth C. Gendimenico; MEGAN HEAGY; MICHAEL HEAGY; PATRICIA A. HEAGY; STEVEN M. HEAGY, JR.; STEVEN M. HEAGY, SR.; LISA R. HESSELTINE, individually and as next friend of K.H.; MARK C. HESSELTINE, individually and as next friend of K.H.; BARBARA A. HOLLER; JIMMY J. HOLLER; LARRY W. HOOPER; PAMELA E. HOOPER; GWYN HOUSTON, as next friend of D.M.; JANICE A. HOUSTON, as next friend of D.M.; RITA HOWARTH, as next friend of P.H.; STEVEN E. HOWARTH, as next friend of P.H.; DAWNE JABOBS, as next friend of K.H.; DAVID J. HOYT, individually and as next friend of E.E.H. and L.M.H.; KETHLEEN H. HOYT, individually and as next friend of E.E.H. and L.M.H.; VIRGINIA A. HOYT, individually; ALLISON L. HUNTER; BONNIE L. HUNTER; JAMES D. HUNTER; JEFFREY M. HUNTER; JAMES D. HUNTER, JR.; SCOTT IANNANTUONO, as next friend of B.I., J.I. and M.I.; KIMBERLY S. IANNANTUONO, as next friend of B.I., J.I. and M.I.; CHRISTOPHER JAMISON, as next friend of C.J., Jr.; MICHELE R. JAMISON, as next friend of C.J., Jr.; HARRY J. CIMBOLO; ARLENE E. JANUARY; GLENN K. JANUARY; STEPHEN D. JANUARY; MICHAEL C. JANUS, individually and as next friend of A.J. and A.J.; TAMMY L. JANUS, individually and as next friend of A.J. and A.J.; GREGORY B. JOHNSON, as next friends of R.J. and H.J.; JENNIFER JOHNSON, as next friends of R.J. and H.J.; BARBARA A. JUNG; WALTER G. JUNG; HARRIET F. KAHL; HENRY V. KAHL; TRAVIS BOWEN, individually; ALP A. KAYABASI, individually and as next friend of C.A.K. and A.D.K.; CHRISTY L. KAYABASI, individually and as next friend of C.A.K. and A.D.K.; LOURDES Z. KEISER; RANDALL S. KEISER; COLLEEN KELLY; JOAN M. KELLY; MICHAEL KELLY; CHRISTINA M. KING, individually and as next friend of L.K.; JACQUELINE M. KING; MARK B. KING, individually and as next friend of L.K.; SUSAN KLUGE, as next friend of R.K. and M.K.; BRENDAN

3

C. KLUGE, III, individually; BRENDAN C. KLUGE, JR., as next friend of R.K. and M.K.; CAROLE A. KLUNK, Individually and as Personal Representative of the Estate of Joseph A. Klunk; STERLING LYTLE, Personal Representative of Estate of Harold J. Kelly; DEVIN PORTZKO; KELLY PROTZKO; RYAN PROTZKO; LEAH LANGRILL CHILDS; ERIKA KOLAKOWSKI; GLEELA D. KOLAKOWSKI; JAN E. KOLAKOWSKI; EDWARD D. KOSIBA; JUDITH A. KOSIBA; KENNETH E. KRAUSZ; MARIE C. KRAUSZ; JOHN F. KRESS; SHARON J. KRESS; KEVIN J. KRIVACSY, Individually and as Personal Representative of the Estate of Ruth A. Krivacsy; JAMES P. KUHLMAN, individually and as next friend of S.A..; JULIE C. KUHLMAN, individually and as next friend of S.A.K.; SCOTT C. KUHLMAN, Individually; MARY M. LANGRALL; CLARKE JR. LANGRALL; JOHN S. LANGRILL; JOSHUA LANGRILL; LINDA D. LANGRILL; FRANCIS X. LAUER; JUDITH A. LAUER; ROBERT S. LINDSAY, Individually and as Personal Representative of the Estate of Sharon V. Lindsay; HOPE LOOKINGLAND; MICHAEL LOOKINGLAND; CARL R. LUPICA, individually and as next friend of A.C.L. and V.J.L.; DAWN L. LUPICA, individually and as next friend of A.C.L. and V.J.L.; ANNABEL E. LUSARDI, individually and as next friend of M.L., N.L. and C.L.; THOMAS J. LUSARDI, individually and as next friend of M.L., N.L. and C.L.; ALICIA LYNCH; MICHAEL J. LYNCH; JOSEPH E. MACATEE; SAMUEL MACATEE; BETH G. MACMILLAN, individually and as next friend of K.M., J.M. and J.M.; PAUL MACMILLAN, individually and as next friend of K.M., J.M. and J.M.; FREDERICK C. MANFRA; MARLENE F. MANFRA; STEPHANIE J. MANFRA; JOHN W. MARSHALL, individually and as next friends of O.G-M.; PAULA M. MARSHALL, individually and as next friends of L.G-M. and M.G-M.; BRIAN R. MASTERSON; LYNN M. MASTERSON, Both individually and as next friends of C.M., L.M.; LINDA MAZZIOTT; VINCENT T. MAZZIOTT; EVELYN J. MCDERMOTT; TYLER M. MCDERMOTT; KATHLEEN P. MCGRAW, Both individually and as next friends of J.W.M.; LAUREN A. MCGRAW; ROBERT S. MCGRAW; CARL WAYNE MELLOTT; JOAN B. MIRARCHI; RALPH J. MIRARCHI; BARBARA L. MOORE; CHARLES J. MOORE, III; DENNIS J. MORRISON; NINA MORRISON; JAMES MOULSDALE; PAMELA S. MOULSDALE, Both individually and as next friends of M.G.M.; ISA MUFAREH; RUTH E. MUFAREH; KAREN NICKEL, Both individually and as next friends of G.N.; SCOTT D. NICKEL; SCOTT DENNIS NICKEL, Personal Representative of the Estate of Celina M. Rossini; LAURA NOCAR; JAMES M. NORMAN; EMILY C. NOVAK, Both individually and as next friends of R.S.N., Jr., J.D.N., C.R. N.; RONALD S. NOVAK; FRANCES NOWACKI; LOUIS M. NOWACKI; DAVID O'NEIL; FATEMEH O'NEIL; SEAN RODGERS OWENS; KATHERINE W. PARRIS; WAYNE H. PARRIS; LANELL W. PATRICK,

Both individually and as next friends of R.L.P., III; ROBERT L. PATRICK, JR.; MARGARET PEACH; WILLIAM PEACH; JESSICA SIMMS; SUSAN C. MARSHALL, Recovable Trust; GERTRUDE R. PEARSON; HENRY R. PEARSON, JR.; ANTHONY PERFETTI; SHARON A. PERFETTI, Individually and as next friends of M.P., G.P. and M.P.; NORMA M. PERRIELLO; PATRICK J. PERRIELLO; THE PATRICK AND NORMA PERRIELLO LIVING TRUST; NICOLE M. BORYS-PIROZZI, individually and as next friend of D.D.P., A.E.P., A.F.P., I.S.P. and X.K.P.; M. JEORGEA C. PETERS, Individually and as next friend of M.V.P.; STEVEN G. PETERS, Individually; KURT PETERSON, As next friend of S.P., C.P., R.P. and J.P.; MARY B. PETERSON, As next friend of S.P., C.P., R.P. and J.P.; JUDY R. PETRALIA; ANTHONY PETRALIA, JR.; JANE L. PHILPOT; JOHN W. PHILPOT, SR.; LEE G. PIERCE; CYNTHIA M. PIRACCI; FRANCIS L. PIRACCI; RALPH J. PIROZZI, individually and as next friend of D.D.P., A.E.P., A.F.P., I.S.P. and X.K.P.; ASHLEY PLACK, Individually; HARRY J. PLACK, individually and as next friend of H.J.P., III, E.P. and T.P.; MARY C. PLACK, individually and as next friend of H.J.P., III, E.P. and T.P.; AVRIL D. PLUNKETT, individually and as next friend of C.P. and N.P.; MICHAEL H. PLUNKETT, individually and as next friend of C.P. and N.P.; ALEXANDRA PONERES; CHRISTOS PONERES; ELIAS PONERES; EVANGELOS PONERES; DONNA L. POTTER, individually and as next friend of .B.M.P.; ROBERT K. POTTER, individually and as next friend of B.M.P.; MARGARET PUSATERI, Individually and as Personal Representative of the Estate of James Pusateri; DAVID A. RAINEY; ELIZABETH S. AINEY; LEWIS RAMAGE; NANCY C. RAMAGE; NACHLAPPAN RAMAN; VIMALA RAMAN; CAITLIN RAMSEY, Individually; CATHERINE A. RAMSEY, individually and as next friend of A.R.; DAVID K. RAMSEY, individually and as next friend of A.R.; EMILY RAMSEY, Individually; JUDY C. RAMSEY; KIMBERLY B. RAMSEY; KRISTIN D. RAMSEY; TYLER RAMSEY, Individually; WILLIAM J. RAMSEY; ROMAN E. RATYCH; BETH A. RHUDY, individually and as next friend of P.R., G.R. and H.R.; PHILLIP RHUDY, individually and as next friend of P.R., G.R. and H.R.; CHARLES A. RITCHEY, individually and as next friend of C.A.R. and C.A.R.; JOELL L. RITCHEY, individually and as next friend of C.A.R. and C.A.R.; PATRICIA A. RITTER; DAVID P. STOLLERY; CAITLIN DAIL; SHELLEY DISHAROON, as next friend of C.D.; ANITA E. HANSEN, Individually; GAYLEN D. ROBERTS; RONALD H. ROBERTS; JANE A. RODANO; SALVATORE J. RODANO; ELLEN M. ROMANKO; THOMAS A. ROMANKO; KATHY ROUBAL; CHELSEA ROUSE; STEPHEN R. ROUSE; GLENN O. RUBEL, individually and as next friend of M.R. and C.R.; MARIA L. RUBEL, individually and as next friend of M.R. and C.R.; MICHAEL

5

E. RUDASILL, individually and as next friend of C.R.; BARBARA RUGGIERO; MARK A. RUGGIERO; JANICE MEYER; LINDA C. RUTH; RICHARD A. RUTH; BERNEATHA J. SAMPLE; DALE H. SAMPLE; GREGORY H. SAMPLE, individually and as next friend of H.S., J.S. and A.S.; HARVEY F. SAMPLE; SCOTT A. SAMPLE; STEVEN D. SAMPLE; TINA SAMPLE, individually and as next friend of H.S., J.S. and A.S.; ALEXANDER SAPIENZA; ANGELINA SAPIENZA; NICHOLAS SAPIENZA; SALVATORE SAPIENZA; AMANDA R. SCHABDACH; BRUCE J. SCHABDACH; MARY M. SCHABDACH; BETH F. SCHEIR, individually and as next friend of E.S. and A.S.; SCOTT W. SCHEIR, individually and as next friend of E.S. and A.S.; JOHN G. SCHENK; PATRICIA F. SCHENK; FRANK SCHLOSSER; GLORIA R. SCHLOSSER; ROBERT SCHMID; JOYCELYN B. QUARANTA; MARIA SCHMIDT, individually and as next friend of A.S. and A.S.; MICHAEL T. SCHMIDT, individually and as next friend of A.S. and A.S.; CHRISTINE M. SCHUELER; ROBERT W. SCHUELER, JR.; CLIFFORD E. SCHULTE; FRANCINE SCOTT, individually and as next friend of T.S. and A.S.; JEREMY SCOTT, individually and as next friend of T.S. and A.S.; KATHLEEN D. SCOTT; PAUL C. SCOTT; GREGORY N. SELTZER; JUDITH A. SELTZER; ANDREW D. SHAFF; MARISA SHAFF; NATALIE A. SHAFF; WAYNE D. SHAFF; IRMA C. SHANAHAN; JOSEPH V. SHANAHAN; KENNETH M. SIMMONS, individually and as next friend of S.M.S.; MICHAEL R. SIMMONS, individually; VICTORIA B. SIMMONS, individually and as next friend of S.M.S.; VINCENT B. SIMMONS, individually; CHARLES B. SINGLETON; VIRGINIA L. SINGLETON; CAITLIN M. SONN; JONATHON D. SONN; LETITIA A. SONN; LINDA KAY FISHER, as Personal Representative of the Estate of Edward S. Stifler and Co-Personal Representative of the Estate of Katherine L. Stifler; MICHAEL HENLEY; MILISSA LESTER; THERESE M. SORRENTINO; MARC A. SPATARO; TERRI SPATARO; ARMAND M. ST. CROIX; BARBARA A. ST. CROIX; HENRY STANLEY, individually and as next friend of J.S.; JOANNE STEPHEN, individually and as next friend of B.S. and S.S.; HARRY C. STEPHEN, JR., individually and as next friend of B.S. and S.S.; LESTER E. STEWART, individually and as next friend of A.A.S.; CYNTHIA L. WARNER, as Co-Personal Representative of the Estate of Katherine L. Stifler; ALICIA C. WOODMAN, individually and as next friend of A.A.S.; COLLEEN B. MCDONOUGH; CAROL LEE STORY; RICHARD W. STORY; CAROL A. SWAM; HENDRIK J. THEUNS; SUSAN L. THEUNS; DUREL C. THOMAS; PATRICIA L. THOMAS; ELAINE THOMPSON, individually and as next friend of J.T. and G.T.; JEFFREY THOMPSON, individually and as next friend of J.T. and G.T.; WAYNE PAUL THOMPSON, JR.; CATHERINE C. THRAPPAS, individually and as next friend of A.T. and L.T.; VINCENT J. THRAPPAS, individually and as next friend of A.T. and

6

L.T.; JOSEPH R. TITO; MARY ELLEN TRACEY; ALLEN ROGER TRACEY, JR.; CAROLYN M. TURNER, individually and as next friend of G.T.; STEVEN E. TURNER, individually and as next friend of G.T.; JOSEPH R. TWANMOH; VALERIE H. TWANMOH; ANDREA L. TYMINSKI; JOSEPH J. TYMINSKI; TINA M. VALMAS, individually and as next friend of F.G.V.; THEODORE P. VALMAS, IV, individually and as next friend of F.G.V.; THEODORE P. VALMAS, V, Individually; HEATHER L. WARNER; STANLEY B. WARNER; LIDIA J. GUZMAN; DINA N. VENDELIS, individually and as next friend of J.V., A.V. and C.V.; MANUEL A. VENDELIS, individually and as next friend of J.V., A.V. and C.V.; PAT VILLAVICENCIO; ELEANOR M. VOLLERTHUM; WILLIAM VOLLERTHUM; STEPHEN WAGNER, as next friend of J.W. and T.W.; TRACI A. WAGNER, as next friend of J.W. and T.W.; COURTNAY WALKER, individually and as next friend of G.W. and K.W.; KENNETH D. WALKER, individually and as next friend of G.W. and K.W.; STEPHEN E. WALTERMYER; THERESA K. WALTERMYER; JOHN J. WALTERS; PATRICIA J. WALTERS; KAREN WASIELEWSKI; THEODORE M. WASIELEWSKI; GERALYN WEINBERGER; RICHARD WEINBERGER; MAIJA WENTWORTH; MICHAEL E. WENTWORTH, JR.; MICHAEL C. WHITACRE; VERNA BILLINGSLEA WHITE; KELLY STRACKE, individually and as next friend of M.C.; NOVELLA WIEGAND, individually and as next friend of K.L.W. and J.W.; TONY M. WIEGAND, individually and as next friend of K.L.W. and J.R.W.; HOWARD WILLIS, individually and as next friend of K.W.; MARGARET S. WINKELMAN, individually and as next friend of K.W.; WILLIAM R. WINKELMAN, individually and as next friend of K.W.; CHARLES D. WINKLER; LYNN A. WINKLER; DONNA M. WOLFF; JOHN P. WOLFF, JR.; MARK D. WOLLENWEBER, individually and as next friend of M.W., Jr. and M.W.; MARY C. WOLLENWEBER, individually and as next friend of M.W., Jr. and M.W.; CYNTHIA WURSTA; JAY P. WURSTA; EILEEN M. YANCONE; VICTOR YANCONE; CHING CHU YEH; HOMER REN YEH; SHERWOOD YELTON, JR., individually and as next friend of N.Y. and D.Y.,

Plaintiffs - Appellees,

v.

EXXONMOBIL CORPORATION, f/k/a Exxon Corporation, d/b/a Crossroads Exxon; JOHN R. HICKS, d/b/a Crossroads Exxon,

Defendants - Appellants.

———————

7

Appeal from the United States District Court for the District of Maryland, at Baltimore.    William D. Quarles, Jr., District Judge.  (1:11-cv-03442-WDQ)

———————————

Argued:  January 30, 2013                    Decided:  August 7, 2013

———————————

Before TRAXLER, Chief Judge, and GREGORY and DUNCAN, Circuit Judges.

———————————

Affirmed by published opinion.   Chief Judge Traxler wrote the opinion, in which Judge Gregory concurred.   Judge Duncan wrote a separate opinion concurring in the judgment.

———————————

**ARGUED:** Andrew Gendron, VENABLE, LLP, Baltimore, Maryland, for Appellants.    Paul D. Raschke, LAW OFFICES OF PETER G. ANGELOS, Baltimore, Maryland, for Appellees.    **ON BRIEF:** Michael J. De Vinne, VENABLE, LLP, Baltimore, Maryland, James F. Sanders, NEAL & HARWELL, PLC, Nashville, Tennessee, for Appellant Exxon Mobil Corporation; Paul W. Ishak, April C. Ishak, STARK AND KEENAN, P.A., Bel Air, Maryland, for Appellant John R. Hicks.    H. Russell Smouse, Joyce R. Lombardi, LAW OFFICES OF PETER G. ANGELOS, Baltimore, Maryland, for Appellees.

———————————

TRAXLER, Chief Judge:

ExxonMobil Corporation ("Exxon") and John R. Hicks (together, "Defendants") appeal a district court order abstaining from exercising jurisdiction under the <u>Colorado River</u> doctrine in a case brought against Defendants. <u>See</u> <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). Finding no reversible error, we affirm.

I.

In June 2004, hundreds of residents of Fallston, Maryland, filed a putative class action (the "<u>Koch</u>" action) against Defendants in Maryland state court. The complaint alleged several state law causes of action for the contamination of their properties by gasoline and the gasoline additive methyl tertiary-butyl ("MTBE") from an Exxon station that Hicks operated.

Exxon later removed the case by invoking federal officer jurisdiction, <u>see</u> 28 U.S.C. § 1442(a), and it was transferred to the Multidistrict Litigation Panel and assigned to the Southern District of New York. <u>See</u> <u>In re MTBE Prods. Liab. Litig.</u>, 399 F. Supp. 2d 340, 344 (S.D.N.Y. 2005). However, in May 2007, the United States Court of Appeals for the Second Circuit determined in an unrelated case that the history of MTBE production and marketing did not support federal officer removal. <u>See</u> <u>In re MTBE Prods. Liab. Litig.</u>, 488 F.3d 112, 130 (2d Cir. 2007)

9

(holding that the federal officer removal statute did not support removal because "the defendants have not met their burden of providing 'candid, specific and positive' allegations that they were acting under federal officers when they added MTBE" (citation omitted)). Accordingly, Koch was remanded to the Harford County Circuit Court.

In February 2010, the state-court judge granted the Koch Plaintiffs' request for class certification. On June 16, 2011, however, the judge reconsidered sua sponte his earlier grant of certification and decertified the class. On October 26, 2011, the state-court judge met with counsel in chambers and asked the Koch Plaintiffs to file a new action for the former class members so that he could consolidate it with the existing one and thereby adjudicate the claims of the named plaintiffs in Koch as well as the former class members. As a result, on November 2, 2011, more than 750 former class members filed a new action in the Harford County Circuit Court. The new action (the "Ackerman" action) alleged the same facts and state law claims as Koch. That same day, the Koch Plaintiffs informed the judge that they planned to amend their complaint.

On November 18, 2011, the court informed the parties that it would "issue, at some point, some sort of an Order of Consolidation" that combined the two cases. J.A. 136. Ten days later, the court told counsel that it had delayed issuing the

10

consolidation order only because it was still considering certain questions concerning the logistics of trial.

On November 29, 2011, Defendants removed Ackerman from state court under authority of the Energy Policy Act of 2005, Pub L. No. 109-58, § 1503, 119 Stat. 594, 1076 (2005), which authorizes the removal of MTBE-related claims and actions filed after August 8, 2005. On December 1, 2011, the Koch Plaintiffs then amended their state-court complaint to add all the individual plaintiffs named in Ackerman. After the Koch complaint was amended to add the Ackerman plaintiffs, the Defendants did not remove Koch or ask the state court to strike the amendment.

The same day the Koch Plaintiffs amended their state-court complaint, the Ackerman Plaintiffs filed a motion in federal court seeking to remand that case to state court, arguing that removal was time-barred and that the Defendants waived their right to remove by litigating for several years in state court. Alternatively, the Ackerman Plaintiffs requested that the district court abstain under the Colorado River doctrine, which permits federal courts, under exceptional circumstances, to refrain from exercising jurisdiction in deference to pending, parallel state proceedings. See Colorado River, 424 U.S. at 817-18.

11

The district court denied the remand motion, see Ackerman v. ExxonMobil Corp., 821 F. Supp. 2d 811, 814-15 (D. Md. 2012), but granted the motion to abstain. When concluding that abstention was proper, the district focused in large part on the length of time that the Koch action had been pending in state court and the progress that had been made on the case in the state system. See id. at 820. As the district court noted, the Koch case had proceeded in state court for years before the Ackerman claims were extracted and separately re-filed, and extensive discovery efforts had been conducted over the course of those years. Document discovery began in 2006, and the parties have since conducted numerous depositions, including depositions of named and proposed class representatives; served and responded to numerous interrogatories; requested and produced hundreds of thousands of pages of documents and photographs. Balancing these facts and the other relevant factors against its own duty to exercise jurisdiction, the district court ultimately concluded that "this litigation presents the rare, exceptional circumstances when wise judicial administration counsels abstention." Id. at 821. The court therefore stayed Ackerman pending the resolution of the Koch proceedings in state court.

The Defendants now appeal, arguing that the district court erred by granting the Plaintiffs' motion to abstain. The

12

Plaintiffs have not cross-appealed the denial of the motion to remand.[1]

## II.

"Despite what may appear to result in a duplication of judicial resources, the rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McLaughlin v. United Va. Bank, 955 F.2d 930, 934 (4th Cir. 1992) (internal quotation marks and alteration omitted)). "Indeed, with regard to parallel state and federal proceedings, the Supreme Court has held, over and over, as have we, that in the usual case the federal courts must hear the cases that fall within their jurisdiction." Id.; see Colorado River, 424 U.S. at 817 (emphasizing the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them").

The duty to exercise jurisdiction, however, is not absolute; "federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517

---

[1] Upon learning of the proceedings in this case, the state court sua sponte stayed all proceedings in Koch pending resolution of this appeal.

13

U.S. 706, 716 (1996) (citation and internal quotation marks omitted). The Supreme Court has identified various circumstances where abstention may be warranted, including cases where exercising federal jurisdiction would interfere with a pending state criminal proceeding, see Younger v. Harris, 401 U.S. 37 (1971), and cases involving complex state administrative procedures, see Burford v. Sun Oil Co., 319 U.S. 315 (1943).

At issue in this case is the form of abstention approved by the Court in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) – abstention in favor of ongoing, parallel state proceedings in cases where "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" clearly favor abstention. Id. at 817 (alteration and internal quotation marks omitted).

The threshold question in a Colorado River inquiry is whether the pending state and federal suits are parallel. See Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 463 (4th Cir. 2005). If parallel suits exist, the district court must then "carefully balance several factors, with the balance heavily weighted in favor of the exercise of jurisdiction." Id. (internal quotation marks omitted). The factors relevant to the inquiry include "the relative inconvenience of the federal forum, the relative order of the two suits, the source of law in

14

the case, and the relative progress of the two proceedings." Al-Abood v. El-Shamari, 217 F.3d 225, 232 (4th Cir. 2000).

Because Colorado River abstention is premised on consideration of "wise judicial administration" rather than the "weightier considerations of constitutional adjudication and state-federal relations" underpinning other abstention doctrines, Colorado River, 424 U.S. at 818, its application is proper in a "more limited" range of circumstances, id. When courts consider requests to abstain, the task "is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, our task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, . . . to justify the surrender of that jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983) (internal quotation marks omitted).

III.

The Defendants challenge the court's decision to abstain, arguing that the district court erred by finding the Koch and Ackerman actions parallel. The Defendants challenge only the district court's threshold determination that the Koch action was parallel to Ackerman. They do not challenge the court's balancing of the Colorado River factors, and they concede that if this court concludes that the state and federal actions are

15

parallel, then the district court's decision to abstain should be affirmed.  See Brief of Appellants at 42-43 & n.135.

State and federal actions are parallel "if substantially the same parties litigate substantially the same issues in different forums."  Chase Brexton, 411 F.3d at 464 (internal quotation marks omitted).  The Defendants agree that the Koch action as amended on December 1, 2011, is parallel to the Ackerman action, given that almost-the-same plaintiffs[2] are suing the same defendants on the same state-law claims.  The Defendants argue, however, that the amendment itself is void, and that the Ackerman action and the pre-amendment Koch action are not parallel.  According to the Defendants, the amendment is void ab initio by operation of 28 U.S.C. 1446(d) and because the amendment could have been enjoined under the "expressly authorized" exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

---

[2] All of the plaintiffs in Ackerman are plaintiffs in Koch, but the seven named plaintiffs in Koch are not plaintiffs in Ackerman.  Because the claims of all plaintiffs can be resolved in the state proceeding, the fact that the federal action includes seven fewer plaintiffs than the state action does not prevent the actions from being parallel for Colorado River purposes.  See Chase Brexton Health Servs., Inc. v. Maryland, 411 F.3d 457, 464 (4th Cir. 2005) (concluding that actions were not parallel where, inter alia, five federal plaintiffs were not parties to the underlying state proceedings and noting that "the parties involved [must] be almost identical").

16

A.

Under § 1446(d), removing defendants must promptly provide written notice of the removal to opposing parties and to the state court. See 28 U.S.C. § 1446(d). The statute specifies that removal is effected by the filing of the notice of removal with the state-court clerk, at which point "the State court shall proceed no further unless and until the case is remanded." Id. (emphasis added). Defendants argue that under § 1446(d), any post-removal action taken by the state court is void. Although the Defendants have not sought an order invalidating the amendment from the state court or the district court, they argue that, even absent any injunction, the amendment to the Koch complaint was void ab initio because "[t]he § 1446(d) bar is self-acting." Brief of Appellants at 32.

Because § 1446(d) explicitly states that "the State court shall proceed no further" once removal is effected, 28 U.S.C. § 1446(d), we agree with the Defendants that the statute deprives the state court of further jurisdiction over the removed case and that any post-removal actions taken by the state court in the removed case action are void ab initio. See South Carolina v. Moore, 447 F.2d 1067, 1072-73 (4th Cir. 1971); accord Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 880 (1st Cir. 1983) ("[A]ny action taken by the Puerto Rico court after

17

removal was effected was a nullity anyway, with or without the order against further proceedings.").

Section 1446(d), however, speaks only in terms of <u>the removed case</u>. See 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of <u>a civil action</u> . . . ." (emphasis added)); <u>id.</u> ("[T]he State court shall proceed no further unless and until <u>the case</u> is remanded." (emphasis added)). Because the statute focuses only on the removed case, it deprives the state court of jurisdiction and restricts the state court's actions <u>only</u> as to the removed case. See <u>Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.</u> ("<u>KPERS</u>"), 77 F.3d 1063, 1069 (8th Cir. 1996) ("[T]he removal statute only commands the state court to stay <u>the case that was actually removed</u> . . . ." (emphasis added)); <u>Lou v. Belzberg</u>, 834 F.2d 730, 740 (9th Cir. 1987) ("[A] federal court may enjoin the continued prosecution of <u>the same case</u> in state court after its removal." (emphasis added)). There simply is no language in the statute that reasonably can be interpreted as constraining the state court's authority over any case other than the case that was removed to federal court. Section 1446(d) may be self-acting, in that improper post-removal actions are void whether or not a court has so declared, see <u>Polyplastics</u>, 713 F.2d at 880, but it acts only within its reach. Because § 1446(d)'s prohibition against post-removal proceedings does not extend

18

beyond the removed case, § 1446(d) does not render void the December 1 amendment of the Koch action.

B.

Contrary to the Defendants' argument, our conclusion that § 1446(d) does not invalidate the amendment of the Koch complaint does not change when the Anti-Injunction Act is added to the mix. Before addressing the merits of this argument, we will first sketch out the basics of the Anti-Injunction Act and the district court's approach to the issue.

(1)

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970). Because the Act reflects and respects "the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction." Id. at 287.

19

At issue in this case is the Act's "expressly authorized" exception. A federal statute expressly authorizes an injunction of state-court proceedings when the statute creates "a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 237 (1972). Section 1446(d), with its "proceed no further" directive, has generally been understood to expressly authorize injunctions of state courts ignoring that directive. See id. at 234 & n.12; Fulford v. Transport Servs. Co., 412 F.3d 609, 612 (5th Cir. 2005).

Although this court has yet to address the issue, other courts have concluded that, under certain circumstances, § 1446(d) also authorizes injunctions against separate "copycat" actions – actions involving essentially the same parties and claims that are filed in state court after removal of the original action. See Quackenbush v. Allstate Ins. Co., 121 F.3d 1372, 1378 (9th Cir. 1997); KPERS, 77 F.3d 1070-71; Frith v. Blazon-Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir. 1975); see also Davis Int'l, LLC v. New Start Group Corp., 488 F.3d 597, 605 (3d Cir. 2007) ("Courts considering the question have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the 'expressly

authorized' exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction.").

As the Ninth Circuit has observed, "[i]t would be of little value to enjoin continuance of a state case after removal and then permit the refiling of essentially the same suit." Lou, 834 F.2d at 741. Accordingly, these courts have held that § 1446(d) authorizes the issuance of an injunction against separate, state-court copycat proceedings commenced for the purpose of subverting federal jurisdiction over a removed case. See, e.g., KPERS, 77 F.3d at 1069 ("[A]fter removal the plaintiff cannot file essentially the same case in a second state action to subvert federal jurisdiction."); Lou, 834 F.2d at 741 ("[W]here a second state court suit is fraudulently filed in an attempt to subvert the removal of a prior case, a federal court may enter an injunction.").

The district court here began its analysis of the abstention with the question of whether the actions were parallel, which turned on whether the Koch Plaintiffs successfully amended their complaint or whether the amendment was void ab initio. See Ackerman, 821 F. Supp. 2d at 816. When considering the validity of the amendment, the district court noted that it had not issued an injunction of the Koch proceedings and that the Defendants had not even sought an injunction. See id. at 817. As to whether an injunction would

21

be permissible under the Anti-Injunction Act, the court concluded, consistent with the line of cases discussed above, that the "expressly authorized" exception would permit an injunction in cases where the plaintiff "fraudulently files a second state lawsuit to undermine the removal statutes." Id. at 817 (internal quotation marks omitted). The court indicated, however, that the exception would not apply to the facts of this case:

> [T]he Defendants have not sought, nor has this Court granted, an injunction of the Koch proceedings. Thus, nothing prohibits the state court from amending the Koch complaint to include the Plaintiffs here. Although the Plaintiffs concede that Koch was amended after the removal of this action "to blunt" the perceived "dilatory tactics of the Defendants," the amendment was not an attempt to fraudulently undermine the removal statutes. The Plaintiffs told the state court and the Defendants weeks before removal that Koch would be amended. Koch was not amended to obtain a favorable decision on an issue this Court has already decided, nor have the Plaintiffs misled the Court about the existence and amendment of Koch. Absent fraud, a secondary state action should not be enjoined.

> The primary purposes of amending Koch were not to fraudulently defeat this Court's jurisdiction, but to comply with the state court's instructions and to ease administration of the litigation after class decertification. The parties had already extensively litigated the matter in state court. . . . After decertification, the state court asked the Koch plaintiffs to amend Koch and file new actions for the former class members, which the court planned to consolidate after determining the budget, location, and other logistics of trial.

22

Id. at 817-18 (citations omitted).  The district court further explained that, even if an injunction were permissible under the Anti-Injunction Act, it would not exercise its discretion to enjoin proceedings in Koch:  "[E]ven if an injunction were permissible, the Court would not be bound to issue it.  In light of the unusual circumstances of this litigation, the Court finds that enjoining the Koch amendment would undermine the important goal of preserving an effective dual system of federal and state courts."  Id. at 818 (citation and internal quotation marks omitted)).

(2)

The Defendants contend that the amendment of the Koch complaint was a clear attempt by the Plaintiffs to subvert removal jurisdiction and that an injunction barring proceedings on the amended complaint would be permissible under the "expressly authorized" exception to the Anti-Injunction Act. And in the Defendants' view, the fact that the amendment was enjoinable means that the amendment is void:

> [I]f a state-court proceeding is prohibited by §
> 1446(d), that proceeding is automatically null [and]
> absolutely void, . . .  whether enjoined or not.
> Thus, if a district court has the power to enjoin a
> nearly-but-not-quite-identical action filed in state
> court with intent to subvert the district court's
> jurisdiction over a previously removed action . . .
> then that second action, even though captioned
> differently and assigned a different docket number,
> must also be null [and] void . . . .

23

Reply Brief at 6 (emphasis added; footnotes and internal quotation marks omitted).

We disagree. As discussed above, § 1446(d) invalidates post-removal actions taken in state court in the removed case, but it does not reach (and therefore does not invalidate) actions taken in cases other than the removed case. Section 1446(d) may serve as the statutory authority for an injunction against a separately filed copycat action, see, e.g., KPERS, 77 F.3d at 1069, but serving as the source of authority for injunctions that might be issued from time to time is not the same as invalidating from the get-go every action that might someday be enjoined.

When an exception to the Anti-Injunction Act is present, a district court may issue an injunction, but it is not required to do so. Because "principles of comity, federalism, and equity always restrain federal courts' ability to enjoin state court proceedings," In re Diet Drugs Prods. Liab. Litig., 369 F.3d 293, 306 (3d Cir. 2004), whether to enjoin state-court proceedings is always discretionary. See Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 151 (1988) ("Of course, the fact that an injunction may issue under the Anti-Injunction Act does not mean that it must issue. On remand the District Court should decide whether it is appropriate to enter an injunction."). As discussed above, § 1446(d) does not render void state-court

24

actions taken in non-removed cases, and those actions may not be treated as if they were void simply because a district court might have elected to exercise its discretion to enjoin the state proceedings.

C.

For the reasons explained above, we reject the Defendants' claim that the amendment of the Koch complaint was void, whether by operation of § 1446(d) alone or by operation of § 1446(d) in conjunction with the "expressly authorized" exception to the Anti-Injunction Act.

The determination that the Koch amendment is not void effectively ends the inquiry into parallelism. The Defendants did not ask the state court or the district court to strike the amendment or to enjoin the Plaintiffs from proceeding on the amended Koch complaint, nor do they argue on appeal that the district court should have enjoined the Koch proceedings sua sponte. Because the amendment is not void under § 1446(d), we therefore have no basis to disregard the otherwise valid state-court amendment of the Koch complaint. Accordingly, because the action now pending in state court is the Koch action as amended to include the Ackerman plaintiffs, the district court properly concluded that the actions are parallel for purposes of Colorado

25

River abstention.[3]  See Chase Brexton, 411 F.3d at 464 ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." (internal quotation marks omitted)).

And the determination that the Koch and Ackerman actions are parallel effectively ends our inquiry into the court's decision to abstain.  As previously noted, the Defendants explicitly do not challenge the district court's balancing of the Colorado River factors and concede that if the Koch amendment is not void, "the district court's decision to abstain and stay should be upheld."  Brief of Appellant at 43 n.135.

IV.

In the course of arguing that the amendment of the Koch complaint was void, the Defendants identify certain errors in the district court's analysis of the Anti-Injunction Act.  They argue that the district court improperly required a tort-like intent to deceive, when all that is required to enjoin a copycat action is the intent to subvert removal jurisdiction, which the Defendants contend was conclusively established by the Plaintiffs' concession before the district court that the

---

[3]  The Defendants understandably do not argue that the temporary stay by the state court of proceedings in Koch pending resolution of this appeal prevents Koch from being parallel to Ackerman.

26

amendment was intended to "blunt" the effect of the removal. The Defendants thus contend that the court clearly erred by finding as a factual matter that the Plaintiffs had no intent to subvert jurisdiction and erred by concluding that the "expressly authorized" exception was inapplicable.

As the Defendants argue, the Plaintiffs' conceded intent to blunt the removal might well be sufficient to establish the intent to subvert jurisdiction necessary to authorize an injunction under the Anti-Injunction Act. See, e.g., KPERS, 77 F.3d at 1069-70 & n.5 (explaining that in federal question cases, a plaintiff attempts to subvert federal jurisdiction when he seeks to have the claims in the removed case resolved in state court rather than federal court).

The issue in this case, however, is a bit more complicated than the Defendants would like it to be. As the district court noted, see Ackerman, 821 F. Supp. 2d at 818, there were some "unusual circumstances" that opened the door to federal involvement in this case: a state-court action not requested by the Koch Plaintiffs (the sua sponte decertification of the class action) and the Plaintiffs' compliance with the state court's request that it file the separate Ackerman complaint. These facts, of course, would not preclude a finding that the Plaintiffs intended to subvert jurisdiction. Nonetheless, even if the court's determination that the Plaintiffs did not intend

27

to subvert jurisdiction was clearly erroneous, the district court clearly had the discretion to consider these "unusual circumstances" when determining the advisability of issuing an injunction permitted under the Anti-Injunction Act. Because the Anti-Injunction Act's "core message is one of respect for state courts," Smith v. Bayer Corp., 131 S. Ct. 2368, 2375 (2011), we believe it was within the district court's discretion to decide that the unusual circumstances behind the federal involvement in the matter would counsel against the issuance of an injunction. See id. ("[A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." (internal quotation marks omitted)).

In the end, however, we do not think it necessary in this case to decide whether the court clearly erred when concluding that the Plaintiffs did not intend to subvert jurisdiction or otherwise erred when analyzing the scope of the "expressly authorized" exception to the Anti-Injunction Act, because the asserted errors in the district court's analysis of the exception played no role in the district court's resolution of the issues raised on appeal.

Although the district court indicated that the "expressly authorized" exception would not apply to this case, the court's analysis did not stop there. The court also explained that even

if an injunction were permissible under the Anti-Injunction Act, it would decline to issue one. See Ackerman, 821 F. Supp. 2d at 818 ("In light of the unusual circumstances of this litigation, the Court finds that enjoining the Koch amendment would undermine the important goal of preserving an effective dual system of federal and state courts." (internal quotation marks omitted)). The district court's resolution of the Anti-Injunction Act question therefore turned not on the court's arguably incorrect understanding of the "expressly authorized" exception, but on the court's unchallenged-on-appeal determination that an injunction would not be advisable even if permissible.

Moreover, the errors identified by the Defendants have no bearing on the only abstention issue the Defendants raise on appeal – whether the Koch amendment was void, such that the state and federal actions were not parallel. Even if we assume that § 1446(d) authorizes an injunction of separate actions filed for the purpose of subverting federal jurisdiction and that the amendment here was indisputably an attempt to subvert federal jurisdiction, those assumptions only establish that an injunction would be permissible under the "expressly authorized" exception to the Anti-Injunction Act. But as we have already explained, the abstract enjoinability of the Koch amendment does not establish that the amendment was void.

29

At bottom, this case is about abstention, not the Anti-Injunction Act. The Defendants did not ask the district court to enjoin the Koch proceedings, do not argue on appeal that the district court erred by not issuing an injunction sua sponte, and do not ask us to issue an injunction of the state-court proceedings. The Anti-Injunction Act came into the case only indirectly, when the Defendants opposed Plaintiffs' abstention request by arguing that the amendment was void, and the Defendants pursue the issue on appeal only in the context of their claim that the enjoinability of the Koch amendment renders it void. Under these circumstances, we believe it prudent to leave the questions about the precise scope and applicability of the "expressly authorized" exception for another case where the issues are properly presented.

## V.

To summarize, we hold that 28 U.S.C. § 1446(d) affects only the jurisdiction of the state court only with regard to the case actually removed to federal court. Because Koch was not removed, the state court maintained jurisdiction over it, and the amendment to the complaint in that case was not void ab initio. That the district court might have had authority to issue an injunction striking the amendment does not make the amendment void when the district court never issued an injunction. The district court thus was correct to consider the

30

amended <u>Koch</u> complaint in determining whether the <u>Koch</u> and <u>Ackerman</u> actions were parallel, and the court did not abuse its discretion when concluding that exceptional circumstances warranted abstention in favor of the pending <u>Koch</u> action. Accordingly, for the foregoing reasons, we hereby affirm the district court's order.

<u>AFFIRMED</u>

DUNCAN, Circuit Judge, concurring in the judgment:

I admire the majority's deft circumnavigation of serious errors of fact and law in pursuit of an ultimately defensible result. I write separately because the district court's errors were so many and of such significance that I cannot share the majority's confidence that they did not contribute to that result. More importantly, I believe that leaving those errors not only unaddressed but unacknowledged will allow, if not encourage, their repetition.

My fundamental concern with the majority's opinion is that in its magnanimity to a profoundly flawed disposition below, it omits critical facts at the expense of our well-established obligation to exercise the jurisdiction that we have. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976) (federal courts have a "virtually unflagging obligation" to exercise jurisdiction absent "exceptional circumstances"). For example, it fails to recognize the significance of the Energy Policy Act of 2005 in its analysis; it cites the Act only once, and even then merely in passing in explaining the procedural history of the case. See Majority Op. at 11.

By way of further example, I fully agree with the majority's conclusion that the removal statute, 28 U.S.C. § 1446(d), is not self-acting, and that the Koch amendment was not

32

void ab initio.  See Majority Op. at 17-18.  However, I feel compelled to point out what the majority does not: the futility of Defendants' seeking an injunction to bar the amendment, when the district court erroneously believed it lacked authority to grant one.  Indeed, Defendants had no reason to request such an injunction in advance of Plaintiffs' motion, and instead had every reason to believe there was no need to seek one because the state court action had been stayed.

I concur in the judgment because of my respect both for my colleagues and for our deferential standard of review.  However, I set forth the district court's errors in some detail here because I believe it to be incumbent upon us to provide such guidance and in the hope that it will discourage their reoccurrence.

I.

## A. Error of Fact

I believe the district court's finding of fact regarding the propriety of Plaintiffs' amendment of the Koch complaint is clearly erroneous.  The district court concluded that "[t]he primary purposes of amending Koch were not to fraudulently defeat this Court's jurisdiction, but to comply with the state court's instructions and to ease administration of the litigation after class decertification."  821 F. Supp. 2d 811,

818 (D. Md. 2012).  However, Plaintiffs conceded all that need be shown to establish an improper intent by stating that they filed the amendment "to blunt the perceived dilatory tactics of the Defendants,"--i.e., to subvert Defendants' proper removal of the Ackerman action.  See id.  Regardless of any other asserted purposes, Plaintiffs have acknowledged that they acted with the intent to defeat federal jurisdiction over their claims.  This error is particularly significant because of the stringency with which abstention analysis is to be applied.

## B. Errors of Law

### 1.

I fully understand the majority's preference for avoiding dealing with the district court's view of its authority (or lack thereof) under the Anti-Injunction Act, 28 U.S.C. § 2283 (the "AIA").  I am far less sanguine that the court's confusion in that regard did not contribute to its ultimate conclusion.  I therefore feel the issue requires consideration.

To start, nothing in the text of the AIA requires that a defendant request an injunction issued under one of its exceptions.  Rather, the AIA states simply: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283 (emphasis added).

34

The plain meaning of this language is that one circumstance in which the district court _may_ enjoin a state court proceeding arises when the court has been "expressly authorized" to do so by Congress,[1] which generally has nothing to do with whether or not a party explicitly sought the injunction.

As the Supreme Court has explained, the AIA "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts.  It represents Congress' considered judgment as to how to balance the tensions inherent in such a system."  Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988).  It would seem to me inconsistent with this careful scheme to render a federal court's authority to enjoin a state proceeding entirely dependent on strategic decisions made by the parties, rather

---

[1] As the majority explains, it is well established that the removal statute provides the necessary express authorization in certain circumstances.  See Majority Op. at 19-20.  By establishing that removal is effected by a defendant's filing a notice of removal in state court, and ordering that "the State court shall proceed no further unless and until the case is remanded," 28 U.S.C. § 1446(d) expressly authorizes a federal court to enjoin the continued prosecution of the same case in state court after it is removed.  See Mitchum v. Foster, 407 U.S. 225, 234 & n.12 (1972); Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 640 (1977) (plurality opinion).  The majority also acknowledges, as did the district court (ostensibly), that many courts have extended this express authorization to "copycat" actions filed in state court after removal, permitting injunctions to prevent a plaintiff from filing exactly the same case in state court after it is removed, particularly where the latter is filed with the intent to subvert federal jurisdiction. See Majority Op. at 20-21.

35

than on the "considered judgment" of Congress embodied in the AIA.

Furthermore, interpreting the AIA in other contexts, the Supreme Court has made clear that, where it is not barred by the Act, a federal court's authority to enjoin a state court proceeding is bounded only by the court's sound discretion, not by the precise procedural mechanism employed by a party to the action. See McFarland v. Scott, 512 U.S. 849, 858 (1994) (affirming the district court's discretion to issue a stay of execution under the AIA's "expressly authorized" exception even where the defendant had not filed a formal habeas corpus petition, because 28 U.S.C. § 2251 provides the requisite express authorization).[2] Accordingly, unlike the district court, I would not find Defendants' failure to explicitly request an

---

[2] Further support for viewing the district court's authority to enjoin a state proceeding, where the court is "expressly authorized," as inherent and independent rather than subservient to a party's request, may be found in the All-Writs Act, which affirmatively grants federal courts license to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In this context, courts have recognized that injunctions exist outside of the traditional injunction framework governed by Fed. R. Civ. P. 65. See In re Baldwin-United Corp., 770 F.2d 328, 338-39 (2d Cir. 1985) (contrasting the concerns motivating ordinary injunctions with those underlying injunctions issued under the All-Writs Act "to prevent . . . parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it").

injunction in opposing Plaintiffs' motion determinative, or even persuasive, on the facts of this case.

The district court went on to say that even if it had the authority to grant an injunction, it would not have done so. Here, the district court's analysis, although perhaps ultimately defensible in its conclusion, is troubling because it misconstrues the removal statute and ignores the policy goals behind that statute.

2.

This brings me to a second legal error apparent in the district court's reasoning. As part of its misreading of the removal statute, the district court concluded, in my view erroneously, that the <u>Ackerman</u> claims as amended to the <u>Koch</u> action would not be removable. This was apparently relevant to the district court's analysis because it allowed the court to distinguish the <u>Koch</u> amendment from what it "may appear to be," that is, "'an end run around 28 U.S.C. § 1446(d),'" 821 F. Supp. 2d at 818 (citation omitted), and to downplay the import of federal jurisdiction over the properly removed <u>Ackerman</u> action. The court thus attributed this case's presence in federal court to bad luck, or perhaps bad strategy: "Had the Plaintiffs merely amended <u>Koch</u>--rather than filing this separate action--the Defendants would not have been able to remove these claims." <u>Id.</u>

37

The district court's statements do not comport with my reading of the Energy Policy Act of 2005, which the majority does not address at all. As it relates to MTBE cases, the Act memorializes certain Congressional findings regarding the role of the Clean Air Act Amendments of 1990 in causing the fuel industry to make investments in MTBE production capacity and delivery of MTBE-containing gasoline to consumers. See Pub. L. No. 109-58, § 1502, 119 Stat. 594. The Act also allows for the removal of MTBE-related "claims and legal actions filed after the date of enactment." Id. § 1503 (emphasis added).[3] This right of removal must apply to the Ackerman claims because they are MTBE-related claims filed after August 8, 2005, which is all that § 1503 requires. If Congress intended to provide removal only for independent legal actions filed after the date of enactment, it would not have included the word "claims" in the text of the Act, which is otherwise redundant given that any claim that is removable must be contained within some sort of legal action.

---

[3] Initial drafts also included "a safe harbor provision retroactively limiting or even eliminating liability for MTBE producers and distributors." In re MTBE Prods. Liab. Litig., 674 F. Supp. 2d 494, 498 (S.D.N.Y. 2009) (citing 149 Cong. Rec. S15212 (daily ed. Nov. 20, 2003) (statement of Sen. Diane Feinstein)). Following objections from members of Congress, a compromise was attained whereby the safe harbor was replaced by § 1503's right of removal. Id.

As soon as the class of property owners in <u>Koch</u> was decertified, all of the non-named class members--the future <u>Ackerman</u> Plaintiffs--were effectively severed from any involvement in that action. Whether these individuals subsequently chose to file their claims as an amendment to the <u>Koch</u> action, as more than 750 individual actions, or as one separate action later consolidated with <u>Koch</u>, does not change the fact that these were newly filed claims.

3.

Though the limitations period for the <u>Ackerman</u> Plaintiffs' claims was tolled by the pendency of the putative class action in <u>Koch</u>, their claims do <u>not</u> relate back to the original <u>Koch</u> filing. On this point the district court erred yet again. <u>See</u> 821 F. Supp. 2d at 818-19. The <u>Ackerman</u> Plaintiffs' claims are new causes of action seeking distinct damages based on individualized harm. <u>See</u> <u>Grand-Pierre v. Montgomery Cnty.</u>, 627 A.2d 550, 553-54 (Md. Ct. Spec. App. 1993) ("When amendment is sought to add a <u>new party</u> to the proceedings . . . <u>any</u> cause of action as to that party is, of course, a new action. . . . Unless the additional plaintiff[s] will merely be sharing in the damage award, and not 'pyramiding' the original amount requested, relation back will not be applied[.]"). Given that the new claims were first filed as an independent legal action in <u>Ackerman</u>, it is difficult to see how the district court could

39

justify its finding that they merely sought to share in the <u>Koch</u> Plaintiffs' damages request.

Indeed, pursuant to 28 U.S.C. § 1446(b)(3), the thirty-day removal window is revived for circumstances such as these, in which it may be ascertained from a party's filing that a case has become newly removable. Thus, the plain language of both the Energy Policy Act of 2005 and the removal statute bolsters the conclusion that the post-amendment <u>Koch</u> action would be removable. This in turn supports the exercise of federal jurisdiction over the <u>Ackerman</u> Plaintiffs' claims.

Consequently, contrary to the district court's determination, we cannot blame the creation of this procedural quagmire on Plaintiffs' accidental misstep, nor some instruction of the state court, nor Defendants' failure to explicitly request an injunction. Rather, responsibility lies with Plaintiffs' deliberate manipulation of federal jurisdiction, which we ultimately permit, but unfortunately without an explanation of the serious concerns implicated.


## II.

The removal process utilized by Defendants on the <u>Ackerman</u> Plaintiffs' claims is consistent with the principles of comity embodied in the AIA, as well as the preference inherent in the Energy Policy Act of 2005 to allow defendants to litigate MTBE

40

claims filed after August 8, 2005 in federal court if they so choose. We have explained that this right of removal resulted from extensive Congressional negotiations, and represents a concerted effort to provide some benefit to MTBE defendants in recognition of Congress's prior role in facilitating the widespread use of MTBE as a gasoline additive.

Unlike the majority, I am unable to conclude that these errors in the district court's analysis played no role in its decision to abstain, or in "the issues raised on appeal." Majority Op. at 28. At the very least, if--as the majority asserts--"this is a case about abstention, not the Anti-Injunction Act," Majority Op. at 29, then abstention ought to be analyzed thoroughly and with due consideration for the presumptions that guide it. After such an analysis, I believe the district court would have exercised its discretion soundly by declining to abstain from exercise of federal jurisdiction.

Nonetheless, as the majority recognizes, the issuance of an anti-suit injunction is highly discretionary. See Chick Kam Choo, 486 U.S. at 151 ("Of course, the fact that an injunction may issue under the Anti-Injunction Act does not mean that it must issue."). I concur in the result here because I do not feel comfortable ordering the district court to grant an injunction, despite its flawed analysis. Cf. Bryan v. BellSouth Commc'ns, Inc., 492 F.3d 231, 242 (4th Cir. 2007) ("Because the

41

decision to enjoin a state court proceeding . . . is a discretionary one, our disagreement with the manner in which the district court approached the question . . . given the particular circumstances of this case, [does not] prevent[] us from affirming the court's decision[.]") (citation omitted).

Given the district court's decision not to enjoin the amendment in state court, I cannot conclude that its decision to abstain constitutes an abuse of discretion. Because of the narrow scope of our appellate review, I would affirm on the narrowest possible grounds, and join only in the judgment of the majority.